Battle, J.
 

 It is settled, that if a bill of indictment be found without evidence, or upon' illegal evidence, ns, upon the testimony of witnesses not sworn in court, the defendant may take advantage of it by a plea in abatement, or upon a motion to quash the bill;
 
 State
 
 v.
 
 Cain,
 
 1 Hawk’s Rep. 352. But it is not a ground for arresting the judgment after a verdict upon a plea in bar;
 
 State
 
 v. Roberts, 2 Dev. and Bat. Rep. 540. Here, the objection was brought forward in proper time and manner, and the only question is, whether his Honor, in the Court below, erred in ordering the bill to be quashed under the circumstances disclosed in the statement of the case. The Attorney General contends that he did ; upon the ground that the bill must be presumed to have been found upon legal evideuee — that the burden of showing the contrary was upon the defendant, and that he failed to produce any evidence at all in support of his motion. Hnfortunately for this position, it does not appear that it was taken in the Court below. There, it seems to have been admitted by the solicitor for the State, that he was bound to show that the witnesses, upon whose testimony the bill was found, were sworn in Court before they were sent to the grand-jury. He accordingly relied upon what was endorsed upon the bill of indictment as sufficient to establish the fact. That endorsement was no part of the record, and, if it had been, in other respects, full and complete, it could not, of itself, have been
 
 *22
 
 íeceived as evidence of the fact that the witnesses were sworn. It'could have been used only for the purpose of aiding the memory of the clerk if he had been called to testify as to the fact. See
 
 State
 
 v.
 
 Roberts ubi supra.
 
 But, in truth, the endorsement was left incomplete, and could afford no aid whatever to the recollection of the clerk, unless to indicate to him that the witnesses had not been sworn. So far, then, as appears from the case stated, we should concur with his Honor in his finding of the fact, if we were at liberty to review his decision. But we'are of opinion, that as the motion to quash was predicated upon a question
 
 oifact,
 
 which liad to be passed upon in the Court below, the decision of that Court upon it is final and conclusive, and is not the subject of review upon an appeal to this Court.
 

 The record does not show any error iu any question of law, and as we have not the power to enquire, whether there be any error in any question of fact, the judgment must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.