, Henderson, Chief-Justice.'
 

 It is objected first, that the Superior Court-of Lenoir coul,d not issue a
 
 certiorari
 
 to the Superior Court of Jones, to certify to the former a record of the latter
 
 court;
 
 because they are courts of co-ordinate powers — that such writ, from its nature, can only issue from a superior to an inferior court. It is true, that this is the practical application of the power to issue the writ
 
 in most cases,
 
 because,
 
 most
 
 commonly, the records of an inferior court are required in the superior court, for purposes pointed out by
 
 law;
 
 the latter c'ourt having the power of examining and reviewing the proceedings of the inferior court, by way of appeal, or writ of error. "But the power to issue the. writ does
 
 *120
 
 not grow out of the superior grade of the court issuing it j but is based on thel principle, that such power is necessary and proper to carry into execution, the legitimate power and duties of the court. The court of Lenoir being authorized to act Upon the records of Jones court, transmitted to it by that court, where no re-pord,or an imperfect one is transmitted,the power of obtaining therecord, grows out of the power and duty to act upon it. And we know of no way more convenient and proper than a
 
 certiorari.
 
 St cannot be by way of request, for then the jurisdiction might be defeated by a refusal. It must be by way of mandate; and if legal, it is the mandate of the law, and must be obeyed. If the record certified was in contradiction to the one on file, the court could act on neither, for each had equal authority. It could not be ascertained which was correct. This point occurred in the case of the
 
 State v. Curry.
 
 In that case, by order of the court to which the cause had been transferred for trial, the clerk of the court from which it was sent, attended with the record itself, and the record transmitted was made conformable to it. This court, after great deliberation, argument and examination of precedents, affirmed the proceedings. If the records are not contradictory, hut the one only more full than the other, explaining absurdities and contradictions, and filling blanks, they may be proceeded on. And in fact, they both form but one copy. Such we think is the case in the present instance.
 

 The right of issuing writs of
 
 certiorari
 
 is not founded on the circumstance, that the court from which it issues is superior to that to which it is directed; but upon the principle, that all courts have the right to issue any writ necessary to the exercise of their powers.
 

 Where upon the removal of a cause, two contradictory copies of a record are certified, the contradiction can be reconciled by an inspection of the original record,
 
 by
 
 the court to which it is removed.
 

 But where the transcripts arc not contradictory, they form but one copy, andboth may be used by the court.
 

 An indorsement, by the foreman of the grand jury of the initial letter of his first name,
 
 *121
 
 where the record. of his appointment states his name at length, is not a material variance.
 

 
 *120
 
 The first objection to the record is, that there is a blank in stating th& time, when Jonfes Superior Court was held. It is stated to be on Wednesday, the day of March, 1828. This blank is filled in (what may be called for distiction) the certified copy. We say nothing on the point, whether there was any thing it.
 

 The second is, that in stating the names of the grand jurors upon, the record,
 
 O. B. Goxe
 
 is stated to be foreman. And in Ms, the foreman’s indorsement he styles himself
 
 O. W.B. Goxe.
 
 This is amended on the certified record. In that it appears from the record of the appointment of the grand jurors, that
 
 Owen B. Coxe
 
 is appointed fore
 
 *121
 
 'man; and the indictment is indorsed “ a true bill—
 
 O. B. Coxe,
 
 foreman.” This variance cannot in such case be material; and the court by receiving and ordering the indictment to be docketed, recognize him as the same person. Indeed I have been much at a loss to see the necessity of any indorsement. The grand jury come into court, and make their return, which the court records, not from that memorandum made out of court, but they pronounce or are presumed to pronounce it in court. It is not the indorsement which is the record, but that which is recorded as the jurors5 response. The indorsement is a mere minute for making the record. But I believe the law is understood to ho otherwise.
 

 Writs, which give jurisdiction to a court, must be returned; and both the writ and the return must appear upon the record; but this is unnecessary, where the writ was issued in the progress of a cause, and is merely auxiliary to its determination. A writ of-
 
 certi-orari,
 
 to certify a more perfect record, is of this latter description.
 

 The objection, that the order of removal is not complete, is removed by the certified copy. The cleric sent at first a mere minute of ah entry, 'which 1 suppose he extended.
 

 The next objection is, that the
 
 certiorari
 
 was not returned. It certainly would have been more regular to do
 
 so;
 
 and it must have been returned, if it was to give the court jurisdiction. But in this case it does not. The only purpose which it could answer, would he to show, that the record filed was made out and filed in obedience to the writ; .tluit it was not an officious act, or the act of a' stranger. ' The records of Lenoir show, that ■ a
 
 certiorari
 
 was awarded, and the certified ' copy shows, that it was made out in obedience to that writ. I think that this is sufficient. I omitted noting the objection, that the record first sent states the case tobe one wherein
 
 lleddin Kent
 
 is prosecutor, and
 
 Benjamin Collins
 
 is defendant. This is a mere misnomer of the case, which the clerk himself has given to it. He states it at large, showing what it is, to-wit, an indictment, which of course is at the instance of the state, and
 
 Benjamin Collins
 
 defendant. But be it as it may, it is amended by the certified copy.
 

 The grounds for a new trial I suppose were abandoned. They were not urged. But if they were, they would not have availed, for the reasons given by the presiding judge. Pier Curiam. — Jtogmewt atesrmjsb.