Ruffin, Chief Justice,
 

 having stated the case as above, proceeded: — Whatever foundation in truth there may have been for the allegations of fact, contained in the two first reasons, at the time they were offered in the Superior Court, there is none now. In the transcript sent up, the prisoner’s name appears the same throughout; and the term of the Court, as established by law, to have “ begun and held on the fourth Monday, after the fourth Monday of September, &c. at the Court-house, &c.” If the allegations of the prisoner were true at the time, and the record had been so made up, and brought in that state under revision, the objections would have been open to be taken. But whether valid or invalid, they do not exist now. Indeed, it seems perfectly ridiculous, to move a Court then sitting, at the proper time and place, not to render judgment, because its record did not show it to be thus sitting, or because the clerk had mispelled the prisoner’s name in one entry, although in the very motion he admits his identity with the person indicted, tried, and convicted. The suggestions deserved the thanks of the Court; but the only proper answer to them, as objections, was to correct the
 
 *376
 
 misprisions of the clerk, and thus remove them. At all events, this Court must say, that 'they are not true now. yye can j00jc on]y the transcript of the record, as made up, which is sent to us.
 

 Upon the third ground, the opinion of this Court agrees with that of his Honor. It is the practice for the foreman to sign his name to the finding of the grand-jury; and it seems to be a salutary practice, as it tends to the more complete identification of the instrument containing the accusation. We do not know in what it had its origin; but though useful and proper, it does not seem to be essential, nor to have been, at any time, the course in England. The endorsement there is merely “
 
 billa vera”
 
 or “ true bill.” 1 Chit. Cr. Law, 324. 4 Bl. Com. 306. That endorsement becomes part of the indictment, and makes the accusation complete: Yelv. 99. But it is never set out in the enrolment of the record; which states the grand jury, and that they were sworn to inquire, &c., and that “ it is upon their oath presented, that, &c.” 4 Bl. Com.
 
 Appendix.
 
 It is the grand jury’s returning the bill into Court, and their publicly rendering their verdict on it, in the form “ a true bill,” and that being recorded or filed amongst the records of the Court, that makes it effectual; in the same manner that the like proceedings operate in the case of a verdict of the petifjury. This was intimated by Chief Justice Henderson, in the
 
 State
 
 v.
 
 Collins,
 
 3 Dev. Rep. 117. But whether the position be correct or not, that case and
 
 The State
 
 v. Kimbraugh, 2 Dev. Rep. 441, arc direct authorities against this objection. For if the foreman must put his name on the bill, the variance in the manner of his spelling it, from that of the clerk’s, is immaterial. The Court in which the juror was acting, must necessarily know his identity; and the receiving and recording the bill with his endorsement establishes it.
 

 Wherefore
 
 the
 
 opinion of this Court is, that the judgment of the Superior Court is not erroneous; which must be certified to that Court, in order that the sentence of the law may be duly executed.
 

 Per Curiam. Judgment affirmed.