Daniel, J.
 

 The plaintiff obtained a judgment for $1000 and interest against Samuel Ferebee, on a bond executed by him and others to his intestate. There was an execution issued on it, which came to the hands of Isaac Baxter, the sheriff. And whilst it was in his hands, the plaintiff assigned the said judgment and execution to him. The judgment became dormant. And this was a
 
 scire facias
 
 to revive it. The defendant pleaded
 
 nul tiel record,
 
 payment and satisfaction. The Judge pronounced, that there was such a record. And from the case sent up here, we do not discover any error in his judgment on this issue. On the trial of the other issues before the jury, the defendant insisted, that the fact of the plaintiff taking an assignment of the judgment from the plaintiff, whilst he held the execution in his hands which issued on it, was in law a satisfaction of the said judgment. The Judge was of a different opinion, and charged the jury to find for the plaintiff, which they did, and he had judgment, from which the defendant appealed. We concur with his Honor. The assignment of the judgment to the sheriff, was a thing void in a Court of law. And we know of no authority which makes such a transaction amount to a satisfaction of the. judgment. We have looked to the case of
 
 Reed
 
 v.
 
 Stoats,
 
 7 John. 427, cited for the defendant, but do not perceive its relevancy. That was an application to set aside an execution, upon which the sheriff had taken a bond from the defendant with a surety, for more than the amount of the debt, and had paid the debt to the
 
 *448
 
 creditor. It was plain, after that the sheriff ought not to levy the debt on the execution, as he was about doing, for the purpose of raising the money for his own benefit. But here the sheriff does not take the law into his own hands, or serve his own process; but this is a
 
 scire facias
 
 to revive the judgment, and the issue is, whether the defendant has paid the debt. Surely he has not. The judgment of the Superior Court must be affirmed.
 

 Pee Cum am. Judgment affirmed.