State vs. Mertens.

---

### STATE vs. WILLIAM MERTENS.

The provision of the 19th sec. of the 3d article of the act concerning "practice and proceedings in criminal cases," requiring the foreman of a grand jury to certify under his hand the indictment is a true bill, is *merely directory*. After a defendant has been convicted, upon an indictment not thus certified, it is too late, upon a motion in arrest, to raise this objection.

## APPEAL from St. Louis Criminal Court.

### STATEMENT OF THE CASE.

At the May term of the St. Louis criminal court, the grand jury of St. Louis county found

## State vs. Mertens.

and returned into court an indictment against the defendant for stealing certain property of Joseph Mentdrops, therein named, in and from the dwelling house of Gertard Timmerman, under the 30th and 36th §, art. 3, pages 359, 360, of the act concerning "crimes and punishments."

Afterwards, this cause coming on to be tried, the State proved up the charge as contained in said indictment, and the jury found the defendant guilty as charged; and assessed his punishment at imprisonment in the penitentiary of this State for the period of two years, and afterwards, the defendant by his counsel, to-wit, on the 19th of July, 1850, filed his motion in arrest, for that said verdict varies from the entry of the record of this case, in this—that in said verdict the words, 'of grand larceny in manner and form as charged upon him in said indictment," are omitted, while in said record they are entered as belonging to said verdict.

Also, that said verdict was not found in manner and form as required by law.

Afterwards, to-wit, on the 10th of August, 1850, the defendant, by counsel, abandoned the above motion by consent of the counsel for the State, and by leave of the court, filed an additional motion in arrest of judgment, for the following reason. That there was no presentment against the defendant for the offence with which he is charged; inasmuch as said indictment is not legally certified by the foreman of the grand jury.

Also, that the verdict, as found by the petit jury against him, (defendant) is not according to law, because it does not state the degree of the offence of which they found him guilty; nor does it state in manner and form, as charged in the indictment, as required by law.

Upon the hearing of this motion, the State referred to and read to the court the record of said court, showing that Elihu H. Shephard was the foreman of the said grand jury of the May term of said criminal court, duly appointed and sworn, and that the indictment in this cause was brought by said grand jury, with said Shepherd as foreman, into open court, with many other indictments, and delivered to the court. And said grand jury acknowledged the said indictment, together with many others, there in open court to be each and every one of them true bills.

And it was also proved that the words "a true bill" endorsed upon the said indictment, were in the proper handwriting of said Elihu Shephard, the foreman of said grand jury.

But the court sustained said motion, and arrested said judgment for the reason contained in said motion, that said indictment was not certified under the hand of the foreman, as required by law. And the State then and there excepted; and brings the case here by appeal.

## LACKLAND, attorney for the State.

The 19th § of art. 3, of Prac. and Proc. in Crim. Cases, providing that when an indictment shall be found, "the foreman of the grand jury shall certify under his hand, that such indictment is a true bill," is merely directory, only the means pointed out by statute, by which the finding of the grand jury can be authenticated. It does not go to the validity of the bill, but merely to its authenticity.

"The statutory provision that an indictment shall be endorsed 'a true bill,' signed by the foreman, is directory, and although this is the proper evidence of the return of the bill, a due return in the absence of it may be proved by other evidence."

Wau-kon-chaw-neek-kaw vs. United States, 1 Morris 332, U. S. C. C. Iowa; U. S. Am. Digest for 1648, p. 223.

At common law, when the grand jury found a bill of indictment, they returned it into open court, endorsed "billa verba" or "true bill," but no signature to this indictment was necessary. The return of the bill into open court was sufficient evidence of its authenticity, but if either of the above words was omitted, the indictment for that reason was void, showing that the words "billa verba" were necessary to make the indictment valid, without which it could have no legal existence. The signature of the foreman to the indictment only tends to

make more perfect the proof of the authenticity of the indictment a more perfect identity of the instrument containing the charge. State vs. Calhoun, 1 Dev. & Bat. 376 N. S. Rep.

Although the practice of endorsing an indictment "a true bill" signed by the foreman of the grand jury be a salutary practice, the signature of the foreman is not essential to its validity. Whorten Cr. Law, p. 128.

The finding of a grand jury in writing which has been publicly announced by the clerk in their presence, although not signed by the foreman is sufficient. The finding of the grand jury is an expression of their opinion as to the truth of the charge contained in the indictment, and it is only necessary that it should be done in such manner as to prevent misconstruction or perversion. State vs. Creighton & Bell, 1 Nott & M. C. 256; Burgess vs. Corn, 2 Va. Select Cases 487; State vs. Cabline, 3 Devareaux, N. C. 121; State vs. Cox, 6 Iredell 440.

When the indictment is endorsed "a true bill," and returned by the authority of the whole grand jury, it is sufficient, without special appointment of a foreman. Friar vs. State, 3 How. Miss. R. 422.

In Kentucky, the words "a true bill" must be endorsed upon every indictment so found, but it is not necessary that they should be signed by the foreman. Comm'th. vs. Walters, 6 Dana, 290.

The record of the criminal court shows that the indictment in question was returned into open court by the grand jury as "a true bill," and so endorsed. It also shows that Elihu H. Shephard was foreman of said grand jury; that said indictment was received and filed by said court as "a true bill," and that the defendant was arraigned, tried and convicted thereon as such. It also shews that upon the hearing of the motion it was proved to the court that the endorsement on said indictment, in the words "a true bill," were in the proper hand-writing of said Elihu H. Shephard, and written by him. This, it is submitted, is a sufficient identity of the instrument containing the accusation, and that it was returned by the grand jury, although it may differ from the mode provided by statute.

SPIES, for defendant in error.

That an indictment without the signature of the foreman of the grand jury to the words "a true bill" is a nullity. Rev. Stat. Mo., Prac. and Proc. in criminal cases, article III section 19.

And it is insisted that the want of such signature cannot be cured by extrinsic proof.

NAPTON J., delivered the opinion of the court.

The 19th section of the 3rd article of an act concerning Practice and Pro. in criminal cases, provides that "no indictment can be found without the concurrence of at least twelve grand jurors; when so found, and not otherwise, the foreman of the grand jury shall certify under his hand, that such indictment is a true bill." The indictment, upon which Mertens was tried and convicted, was endorsed "a true bill," by the foreman of the grand jury, but not signed by him. The question is, did this omission destroy the legality of the whole proceedings under the indictment.

The endorsement upon an indictment of *"billa vera,"* or "a true bill" was in England regarded as part of the indictment, and necessary to

make the accusation complete. Our statute directs this endorsement, and requires the foreman of the grand jury to certify it under his hand. It is not easy to perceive that the directions of the statute have any other object than to secure the authenticity and genuineness of the indictment, and when the indictment has been returned into open court, and it is recorded, and filed as a true bill among the records, the whole object of the statute is attained. The 21st section of the same article of the act provides that "indictments found, and presentment made by a grand jury, shall be presented by their foreman, in their presence, to the court, and shall be then filed, and remain as records of such court." Here the indictment was duly endorsed "a true bill," and the records of the court proved that it had been duly and formally brought into open court by the foreman of the grand jury as a true bill, and there filed as such on the records.

We are unable to see any substantial reason for regarding the signature of the foreman as an essential part of the indictment.

We look upon the statute requiring this form of authentication as merely directory. After the defendant has gone to trial and been convicted upon the indictment, it is too late upon a motion in arrest, to cavil upon the omission of the signature of the foreman of the grand jury. We do not regard the omission as fatal.

Judgment reversed and caused remanded.