Pearson, J.
 

 The prisoner’s counsel moved to arrest the judgment upon the ground that it does not appear from the record that the bill of indictment was found by the grand jury a true bill; and he insists that, for aught that appears, the prisoner may have been arraigned and tried upon an indictment which had never been passed on by a grand jury.
 

 We think it does appear from the record, without the aid of any presumption, or intendment, that the indictment was passed on by the grand jury, and a true bill found. The record states, “ and thereupon by the oath of (18 persons, naming them,) “good and lawful men, of the County aforesaid, then and there drawn from the said venire, and then and there empannelled and sworn, and charged to enquire for the State, of, and concerning, all crimes and offences committed within the body of the said County, it is presented in manner and form following : that is to say,” setting out the bill of indictment at large.
 

 The manner of presenting a bill of indictment is, for the grand jury, after having examined the witnesses on the part of the State, touching the allegations set out in the indictment, to come into open Court and return the bill endorsed
 
 *85
 
 “ A true bill,” wbicb is done by tbe foréman, acting for tbe grand jury, and tbe return is made in their presence. If tbe grand jury do not pass tbe bill,
 
 they refuse to ¡present
 
 it, wbicb is signified by tbe endorsement made by the foreman, “Not found,” or “Not a true.bill,” or “Ignoramus.”
 

 It is not necessary that tbe record should set out tbe manner in wbicb a bill of indictment was presented, or tbe evidence and memoranda, and entries, from which tbe record was made up. It is sufficient, and most proper, that tbe record should only set out the/aci that it was presented by the grand jury. This avoids all that useless detail with wbicb records are frequently encumbered-; such.as,, who was appointed foreman, the signature of tbe foreman, tbe signature of the attorney for the State, what witnesses were sworn and sent, and (as we find, in many cases,' by an examination of the files of tbe Court,) who was the constable of tbe grand jury. Such matters constitute no part
 
 gi
 
 tbe record, but are minutes from which tbe record is made up.
 
 State
 
 v.
 
 Collins,
 
 3 Dev. 117 ;
 
 State
 
 v. Calhoun, 1 Dev. and Bat. 376 ;
 
 State
 
 v.
 
 Roberts,
 
 2 Dev. and Bat. 540.
 

 Tbe form of tbe record in this case is taken from “ Eaton’s forms.” It is a “ concise, legal and logical statement” of all that constitutes tbe record, or properly makes a part of it, and Mr. Eaton is entitled to tbe thanks of the public for its introduction. It was used in
 
 State
 
 v. Peace, 1 Jones’ Rep. 250, (June Term, 1854) and passed without objection, and judgment was pronounced on tbe prisoner. It is taken from tbe appeirdix, 4 Black. Com., and is the form used in England.
 

 It was insisted b3 tbe prisoner’s counsel that tbe matter set out in this record is a
 
 ¡presentment
 
 as distinguished from an indietinent, in the sense in wbicb these words are used in tbe Declaration of Eights, sec. 8. — “That no freeman shall be put to answer any criminal charge,'but by indictment, presentment or impeachment,” and that tbe tidal and proceedings upon tbe matter set out in this record were illegal and in violation of tbe act of 1197, wbicb provides — “ No man
 
 *86
 
 shall be arrested, or charged before any Court, on a presentment made by a grand jury, before the attorney acting for the State shall prepare a bill, and the bill be found by the grand jury to be a true bill.” •
 

 The distinction between an indictment and a presentment is this — an indictment was a charge of some criminal offence, formally drawn up by an attorney for the crown, (or State,) and found by a grand jury, upon the
 
 oath of witnesses,
 
 and presented by the grand jury to the Court. A presentment was a charge of some criminal offence drawn up by the grand jury, not usually with much attention to the necessary aver-ments, and found upon the testimony of some of
 
 thew own body,
 
 and presented by the grand jury to the Court. The object of the 8th section of the Declaration of Bights was to forbid the practice of putting persons to answer a criminal charge upon
 
 informations
 
 made by the officer for the crown, without the intervention of a grand jury. Prior to the act of 1797, it was found that the “ presentments” made by the grand juries-were frequently so informal that a trial could not be had upon them, and very frequently the presentment would set out a matter which was not a criminal offence; so that sometimes the citizen was arrested and greatly oppressed when he had committed no violation of the public law, and oftentimes he was put to the trouble and expense of a trial, when, if the public law had been violated, the charge was made without the aver-ments necessary to insure certainty in judicial proceedings, and it wras necessary to enter a
 
 nol. pros,
 
 and send a bill of indictment. To remedy these evils, the act of 1797 was passed, but it made no change in the distinction between an indictment and a presentment. They were both presented by a grand jury, and, in a general sense, “ presentments” of the grand jury; but the matter set out in this record is, to all intents and purposes, as much a bill of indictment since that act as it was before.
 

 This question is discussed in
 
 State
 
 v.
 
 Roberts, ubi supra,
 
 where it is said, “ The act of 1797 does not require any change
 
 *87
 
 in the form of the entry in the case of an indictment, &c.” There is no error.
 

 Pee. CuRiam. . . Judgment affirmed.