The case in the court below seems to be set forth in the record with particularity. The evidence, as well as the charge of the presiding judge, seems to be full and complete.
We have examined these in connection with each other, and are of opinion that the charge is applicable and responsive to every view (231) which can properly be taken of the evidence, and that the prisoner has no cause of complaint.
We have had no particular part of the charge called to our attention by way of exception, and suppose there is none in the view of prisoner's counsel that affords ground for such criticism.
The principles propounded to the jury in the court below, whether they relate to the grades of homicide or the question of insanity, have been so frequently discussed in this Court down to a recent period that we deem it unnecessary to repeat them now. They consist with what we regard as the settled and established law of the land.
The grounds taken in arrest of judgment are not tenable. These are also settled against the prisoner by recent adjudications in this Court. S. v.Guilford, 49 N.C. 83; S. v. Roberts, 19 N.C. 540; S. v. Barnes, 52 N.C. 20.
The record upon which the judgment below was pronounced, as stated by the court, follows the precedent in the Appendix to 4 Black. Com. This has been adopted by Mr. Eaton in his book of Forms, and approved in this Court in S. v. Guilford, supra. *Page 141 
The prisoner was tried for a homicide which, for aught that appears, was unprovoked and wanton. He has had the benefit of every proper safeguard afforded by the courts under the rules of law, and the record sent to this Court seems to be free from defects.
No error.
Cited: S. v. Lanier, 90 N.C. 716; S. v. McBroom, 127 N.C. 530, 535;S. v. Sultan, 142 N.C. 573.
(232)