### STATE v. FRANKLIN BORDEAUX.

*Indictment—Perjury—Record—Motion to Quash—Arrest of Judgment—Grand Jury.*

1. Several assignments of perjury may be contained in one count of the indictment, and all the several particulars in which the prisoner swore falsely may be embraced in one count, and proof of the falsity of any one will sustain the count.

2. Objections to a record for alleged defects can only be taken by a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment. Whenever the objection requires proof to support it, it must be taken by a motion to quash or a plea in abatement, which must be filed upon the arraignment, and before pleading in bar.

3. If the defect appears on the face of the record, it must be taken by demurrer, or motion in arrest of judgment. If by demurrer, it must be filed before the plea in bar.

4. A motion in arrest of judgment lies for some matter appearing on the record, or for some matter which ought to, but does not appear on the record.

5. The Court has the power to amend a record so as to make it speak the truth, even after a motion in arrest of judgment, even if such alteration removes the grounds for the motion.

6. Where a record states that the grand jury returned a bill into open Court, it is not competent, on a motion in arrest of judgment, to contradict the record by evidence *aliunde*.

7. When the record recites the selection of a grand jury and that an indictment is "presented in manner and form following," &c., it sufficiently shows that the grand jury were present in Court when the presentment was made.

8. The grand jury should be present in open Court when indictments are returned.

(*State* v. *Blackburn*, 80 N. C., 474; *State* v. *Cox*, 6 Ired., 440; *State* v. *Lanier*, 90 N. C., 714; *Bank* v. *McArthur*, 82 N. C., 107; *State* v. *Gainus*, 86 N. C., 632; *State* v. *Potter*, Phil., 338; *State* v. *Roberts*, 2 Dev. & Bat., 540, cited and approved).

This was an indictment for PERJURY, tried before *Gudger, Judge,* and a jury, at Spring Term, 1885, of PENDER Superior Court.

The indictment contains two assignments for perjury in the same count. The defendant was found guilty, and moved in arrest of judgment.

1. Because the bill of indictment contained two distinct charges or assignments of perjury in one count of said bill; and in the second count of said bill, two distinct charges or assignments of perjury are made in the said count, as aforesaid in the first count.

The two charges or assignments in both counts of the bill charge that the defendant falsely swore that he did not have a stick, and further falsely swore that he was struck by one Walter Bordeaux.

2. The defendant moved in arrest of judgment, because there was no record made that the bill of indictment was ever returned into Court by the grand jury.

Thereupon, the Court made an order, as appears from the record, so as to show that the grand jury did return the bill into Court. The defendant objected, and offered to show by the foreman of the grand jury which found the bill, that the bill was returned into Court by the foreman alone, none of the other grand jurors coming into Court with him at the time he returned the bill, and that he, (the foreman), sent some bills into Court by an officer waiting upon the grand jury, and that he could not say whether this officer did not bring this bill into Court, in the absence of the entire grand jury.

Thereupon, the Court made the following order: "It appearing to the satisfaction of the Court, that a bill of indictment was at Spring Term, 1884, of this Court, returned into open Court by the grand jury, as a true bill against the defendant Franklin Bordeaux, for perjury, and the Court finds as a fact, that said bill of indictment was returned into open Court as aforesaid, and it further appearing from an inspection of the record, that the Clerk of the Court failed at said Spring Term, 1884, to enter on record the said return of said bill of indictment: It is ordered and adjudged by the Court (the said defendant being present in open Court), that the return of the said bill of indictment at Spring Term, 1884, as a true bill, be recorded on the minutes of this Court now, as of the time aforesaid."

36

The motion in arrest of judgment was refused, and the sentence of the law pronounced by the Court, from which the defendant appealed.

*Attorney General*, for the State.
*Mr. E. W. Kerr*, for the defendant.

ASHE, J. (after stating the facts). The defendant moved to arrest the judgment upon two grounds : 1st, because the bill of indictment contained two assignments of perjury in one count of the indictment ; and, 2nd, because the record did not show that the bill was returned into Court by the grand jury, and because his Honor refused to admit the testimony of the foreman to show that it was not so returned.

The motion is not sustainable upon either ground. It is well settled by the authorities, that several assignments may be contained in one count of an indictment for perjury. Wharton lays it down that all the several particulars in which the prisoner swore falsely, may be embraced in one count, and proof of the falsity of any one, will sustain the count. Cr. L., §2260; *Regina* v. *Rhodes*, 2 Lord Raymond, 886 ; *State* v. *Hascall*, 6 N. H. Rep., 352; 3 Greenleaf on Evidence, §193; *Rex* v. *Leefe*, 2 Camp., 134.

The second ground for the arrest of the judgment is also untenable.

Objection to a record for alleged defects, can only be taken by motion to quash, plea in abatement, demurrer, or motion in arrest of judgment. Whenever the objection requires proof to support it, it must be taken by a motion to quash, or plea in abatement, and they must be made or filed upon the arraignment and before the plea in bar. *State* v. *Blackburn*, 80 N. C., 474; Bishop Cr. Pro., §440.

The demurrer and motion in arrest, are never taken except to some defect which appears upon the face of the record. The demurrer must be filed before the plea of not guilty, and the motion in arrest of judgment is never made until after verdict.

We believe a loose practice prevails in many of our Courts, with respect to the return of bills of indictment into Court by the grand jury. It is often the case, that the bills are carried into Court by the foreman alone, but this is a practice to be condemned, because it is not the legal mode of proceeding. The law requires the grand jury should make their returns in a body, that the Court may see that they, as a body, assent to the returns made. *State* v. *Cox*, 6 Ired., 440. But if the defect in this record existed, as contended by the defendant, before the amendment made by his Honor, it might have been taken advantage of either by a motion to quash or a plea in abatement or even by a motion in arrest of judgment, for a judgment can be arrested for some matter appearing, or *that ought to appear*, *but does not, in the record*. *State* v. *Lanier*, 90 N. C., 714.

But his Honor had the power to amend the record so as to make it speak the truth, by the insertion of anything which may have been omitted. *Bank* v. *McArthur*, 82 N. C., 107.

After the order made by his Honor in this case, the alleged defect in the record was cured. It was then a perfect record, and a motion in arrest of the judgment can only be entertained when there is a defect appearing upon the face of the record. In the record, it is stated after the organization of the grand jury, " it is presented in manner and form following, that is to say," &c., which, in this State, is held to be sufficient to show the presence of the grand jury in Court. *State* v. *Gainus*, 86 N. C., 632 ; *State* v. *Haywood*, 2 Nott. & McC., 312 ; Bishop Cr. Pro. §550 ; *State* v. *Potter*, Phil., 338 ; Roscoe Cr. Ev., 204.

And although the amendment was made in this case, after the motion to arrest the judgment, the Court had the power to do so. In *State* v. *Roberts*, 2 Dev. & Bat., 540, it was held, that " it was competent for the Court, after a motion in arrest of judgment, to alter the record during the same term, by inserting into or striking from the minutes, whatever may be necessary to make it speak the truth ; and if by such alteration the grounds for the arrest be removed, upon an appeal nothing can be looked to but the record in its complete state."

And " when the record states that the grand jury returned the bill in open Court, it is not competent to disprove the recital in the record on a motion in arrest of judgment, by *aliunde* testimony." *Turner* v. *The State*, 9 Geo. Rep., 58.

There is no error. Let this be certified to the Superior Court of Pender county, that further proceedings may be had according to law.

No error.                                    Affirmed.