THE STATE v. JAMES WEAVER.

*Larceny — Evidence — Indictment — Former Conviction and Acquittal — Grand Jury — Arrest of Judgment — Presumption— Opening and Adjourning of Court.*

1. Upon a trial for larceny, it is competent, upon the question of identity, to show that other property stolen at the same time, though not charged in the indictment, was found in the possession of the defendant.

2. Where intent is of the essence of the crime charged, in order to show guilty knowledge, it is not erroneous to receive evidence of different offences, but of the same character and connected with that alleged in the indictment.

3. Where several articles are stolen at the same time, or stolen in the progress of a series of acts, so connected and continued that they form but one transaction, but one larceny is committed, and an acquittal or conviction upon an indictment charging one, or only a portion of the stolen articles, will be a good bar to a prosecution for the remainder.

4. It is competent to show that a declaration made by one charged with larceny, made at the time of his arrest and the finding of the stolen goods in his possession, in respect to the manner in which he obtained such possession, is false.

5. Where the record stated that the persons impaneled as grand jurors—among whom was the one appointed foreman—were "duly drawn, sworn, and the Court having appointed J. P. foreman, are charged," &c.: *Held,* that it sufficiently appears that the foreman had been duly drawn, and the proper oath had been administered to him.

6. The recital in an indictment that "the jurors upon their oath present," &c., raises a presumption, when accompanied by the endorsement of "a true bill" signed by the foreman, that it was duly returned and presented in open Court, and proof to the contrary can only be heard on plea in abatement made in apt time.

7. Where the record recited that a regular term of a Superior Court was opened and held *Wednesday,* instead of Monday, of the week fixed by the statute, it will be presumed that the Sheriff had duly opened the Court and adjourned it from day to day, as provided in *The Code,* § 926.

This was an Indictment for Larceny, tried at the September Term, 1889, of the Superior Court of GRANVILLE County, before *Bynum, J.*

The defendant was charged with stealing "one pair of shoes, one pound of snuff, one pair of suspenders, one shirt, one yard of cloth of the value of one dollar, of the goods, chattels and moneys of Charles F. Wheeler," &c., and in a second count, with receiving the same articles, knowing them to have been theretofore stolen.

One Teasley, who, together with three others, was indicted with Weaver, and as to whom the Solicitor entered a *nolle prosequi*, testified that he went to the store of C. F. Wheeler and watched, while the defendant Weaver and others entered and filled a number of sacks with goods, taking each a sack and carrying goods to a party across the road, whom the witness did not know.

Charles F. Wheeler, the prosecutor, testified that on the night of the 18th of July, 1888, his storehouse in Granville County was broken into, and his goods, to the value of more than three hundred dollars, were stolen. Among the articles were those mentioned in the indictment and a lot of coffee, some undershirts and some pairs of pants. The defendant Weaver objected to the introduction of any testimony in relation to the pants, because they were not among the articles mentioned in the indictment, and excepted to the ruling of the Court overruling his objection. The prosecutor then testified further, that the house was entered by taking off the hinges of the window. From information received, a search warrant was issued, and at the house of defendant Teasley were some of his shoes, cloth and coffee; at defendant Timberlake's, shoes, shirts and cloth; at defendant Crabtree's, snuff and coffee; and at defendant Weaver's, a pair of pants and an undershirt. Witness testified further: "The shirts and pants found at Weaver's were just like those lost by me. I recognized them by the material out of which

they were made and the buttons on them, as I had them made by an old lady in the neighborhood, and having no buttons to furnish her, she obtained them from several old pairs of pants in her house, and they were of different varieties. The pants were found, on a second search of Weaver's house, under some dresses behind the door, and the undershirt was found between the feather and straw beds, and had never been washed or worn."

The defendant objected and excepted whenever the pants were mentioned by the witness, and also when they were exhibited to the jury.

The other material facts are stated in the opinion of the Court.

There was a verdict of guilty, and from the judgment thereon the defendant appealed.

*The Attorney General* and *Mr. R. W. Winston*, for the State.
*Mr. J. B. Batchelor*, for the defendant.

AVERY, J.—after stating facts above: It is an established rule of evidence, that " when, on a trial for larceny, identity is in question, testimony is admissible to show that other property, which had been stolen at the same time, was also in the possession of the defendant when he had in possession the property charged in the indictment." Wharton Crim. L., § 50. This principle is sustained by reason as well as authority. When several articles are taken at one time, and "the transaction is set in motion by a single impulse and operated by a single unintermittent force, it forms a continuous act, and hence must be treated as one larceny, not susceptible of being broken up into a series of indictments, no matter how long a time the act may occupy." 2 Wharton's Crim. L., § 1817. So that the testimony does not tend to prove a different, but the same offence. The plea of former acquittal or conviction on this indictment would unquestionably

be good as a bar upon the trial of another charge against the defendant for larceny of the pants, the property of the prosecutor, upon offering proof either that they were taken at the same time when the articles charged in this case were taken, or upon showing that testimony was offered for the State on the trial of this indictment, tending to show they were stolen at the same time. This Court has gone further, and allowed evidence of a different offence of the same character, and connected with that charged in the indictment, in order to show guilty knowledge, where the intent is of the essence of that charged. *State* v. *Murphy*, 84 N. C., 742; *State* v *Thompson*, 97 N. C., 496; 1 Wharton's Crim. L., § 649; *State* v. *Parish* (decided at this term).

The officer who conducted the search, under the warrant, at Weaver's house, testified, among other things, as follows: "Weaver did not resist the search, but brought out many articles which Wheeler did not claim, but as soon as the shirt and pants were produced he claimed them, and said the buttons had been put on by a lady in his neighborhood. Weaver said he 'could prove where he got those things; that George Ellis had bought them from Farthing's store in Durham.' This was said in the presence of Ellis. Weaver was not under arrest at the time." Defendant Weaver objected to this evidence, and insisted that he was under arrest at the time. The objection was overruled, and the defendant excepted

If the State had shown a declaration of the defendant in itself tending directly to establish his guilt, as a confession on his part, when there was no evidence that it was made under duress, through fear excited by threats, or under the inducement of a promise of escape from, or mitigation of, the punishment. the testimony would have been competent, even if the defendant had been in arrest. It is unnecessary to cite authority to sustain so plain a proposition. After the declaration was proven by the witness, it was competent for

the State to contradict it by testimony tending to show that the defendant Weaver did not get the pants from Ellis and the latter bought no such pants from Farthing's store.

In addition to the assignments of error in the Court below, it is insisted in this Court that the judgment shall be arrested on three grounds, which we will discuss *seriatim—*

1. The record of the swearing and impaneling of the grand jury is as follows: "And the aforesaid good and lawful men (among whom was named in the record Joseph B Parham) so summoned for the first week, the following are duly drawn and sworn, and, the Court having appointed Joseph B. Parham foreman, are charged as grand jurors, to-wit: R. B. Best," &c., naming sixteen others. We think that it sufficiently appears from the record that Parham was drawn as a grand juror, and the presumption is that the Court complied with the law by administering the oath first to him and then in the usual form, which pre-supposes that to have been done to the others. If such an objection were good at all, it is questionable whether it could be entertained unless it had first been raised by plea in abatement below. *State* v. *McNeill*, 92 N. C., 812.

2. The objection that the recital in the indictment, that "the jurors, upon their oath, present," &c., does not sufficiently show that it was presented by the jury in open Court, cannot be sustained. The presumption is that it was properly presented, as it is endorsed as a true bill and signed by the foreman, and proof to the contrary could only be heard on plea in abatement filed in apt time. *State* v. *Gainus*, 86 N. C., 632; *State* v. *Bordeaux*, 93 N. C., 560.

3. The record of the term at which the case was tried before *Bynum, Judge*, sets forth that, "at Superior Court, continued and held in and for the county of Granville and State of North Carolina, at the court-house thereof in Oxford, on Wednesday, the 24th day of April, A. D. 1889, present," &c. It is contended by counsel that the fact that the Court

appears to have been first opened on Wednesday is fatal to the jurisdiction. The Sheriff is required by § 926 of *The Code* to "adjourn the Court from day to day until the fourth day of the term inclusive," &c., if the Judge of the Superior Court shall not be present. It was, therefore, lawful to open the Court as late as Thursday, and it must be presumed that it was adjourned from day to day, as the law directs, by the Sheriff

There is no error. Affirmed.