MILLER

*v.*

COMMONWEALTH.

(*Supreme Court of Appeals of Virginia, April 4, 1895.*)

[21 S. E. Rep. 499.]

**Criminal Law—Assault with Intent to Kill—Indictment.\***

An indictment for malicious assault with intent to kill does not involve a charge of more than one offense, because it alleges a felonious assault by defendant, this being an ingredient to the other crime charged.

**Same— Court May Read Punishment to Jury.**

The court may read to the jury the law fixing the punishment provided for the crime.

**Same—Case at Bar.**

While M. and B. were fighting, and while B. was on top of M., the latter's son struck B. with an iron weight, and ran, and while running he was shot by defendant, who remarked, that he shot at the son of a b——h to kill him. *Held*, that a verdict of guilty of assault with intent to kill was justified.

**Same—Record Naming Same Juror Twice—Effect.**

The fact that the record inadvertently names a juror twice does not show that defendant was tried by a jury of 13 men.

Error to circuit court, Gloucester county.

George Miller brings error to a judgment entered on a verdict finding him guilty of assault with intent to kill.

---

*See foot-note to Hardy *v.* Com., 17 Gratt. 592 (Va. Rep. Anno.), and foot-note to Price *v.* Com., 21 Gratt. 846 (Va. Rep. Anno.), where the principal case is cited.

*J. N. Stubbs*, for plaintiff in error.

*R. Taylor Scott, Atty. Gen.*, for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

George Miller was indicted April 4, 1894, in the county court of Gloucester, charged with malicious assault with intent to kill Thomas Sperry. On the 2d day of July, 1894, the accused was arraigned for trial, convicted, and a verdict rendered against him fixing his punishment at two years in the penitentiary. The prisoner then moved the court for a new trial. This motion was continued until the next day, July 3, 1894, when the motion was then overruled, and the prisoner sentenced in accordance with the finding of the jury. The prisoner obtained a writ of error to the circuit court of Gloucester, which court affirmed the judgment of the county court, and thereupon a writ of error was obtained to this court.

There are numerous grounds of error assigned in the petition, which will now be considered.

First. It is alleged that there are irregularities and imperfections in issuing the venire facias furnishing the list of jurors and summoning the jury, and that the court erred in not sustaining the prisoner's motion to quash the venire facias and the sheriff's return thereon.

We have examined the record carefully, so far as it relates to the subject of this assignment of error, and we find that the law has been in all respects fully complied with in summoning the jury in this case. This subject has been so recently and fully discussed by this court that we deem it unnecessary to say more. See Nicholas v. Com. (decided by this court at the present term) 21 S. E. 364.

The second assignment of error is that the court did not sustain the prisoner's motion to quash the indictment on the ground that on its face said indictment had only one count, and

that there were two distinct offenses charged in said count, namely, a felonious assault and an attempt to kill and murder. The third assignment of error is that the court overruled the prisoner's demurrer to the indictment for the same reason assigned in the second assignment of error.

As these two assignments of error relate to the same subject, they can be disposed of together. Counsel is mistaken in assuming that the count in the indictment charges a felonious assault separate and apart from the substantive offense of malicious shooting with intent to kill and murder. The charge of felonious assault is an ingredient of the felony which the accused was indicted for attempting to commit. While it is true that the indictment charges a felonious assault, it is the assault which is embraced in the substantive offense charged, so that there is in reality but one offense charged. The indictment is substantially correct, and the demurrer was properly overruled. Hardy v. Com., 17 Grat. 592.

The fourth assignment of error is that the court erred in permitting the clerk to charge the jury by reading the amended section 3888, Code Va., as amended in Acts Assem. 1893–94.

The act referred to contains the law which fixes the punishment visited upon the prisoner for the offense charged, and it was properly read to the jury.

The fifth assignment of error is that the court erred in not granting a new trial on the prisoner's motion upon the ground that the verdict was contrary to the law and the evidence.

The following are the facts proved on the trial, and certified in the record before this court : "At N. R. Gray's store, in Gloucester county, Va., on the —— day of February, 1894, were Jacob Miller, Alexander Berry, N. R. Gray, and Smither. Jacob Miller and Alexander Berry got into a quarrel, and Jacob Miller struck Alexander Berry, and then N. R. Gray,

the owner of the store,  told Jacob Miller and Alexander Berry to go out doors and fight it out, and no one should interfere. They went out, and commenced the fight, and Jacob Miller was on Alexander Berry.   Tom Berry, the son of Alexander Berry, struck Jacob Miller with an iron weight on the back of his head, and split it open, and just at that time N. R. Gray and George Miller came out of the store,  and Tom Berry was seen running down the road, and George Miller [the accused] fired a pistol at Tom Berry at a distance of twenty or twenty-five yards.   After George Miller fired, he told Mr. Gray he shot at the son of a b——h to kill him.''   These are the facts certified in the record, and they fully justify the verdict of the jury, and the court properly overruled the motion for a new trial.

The sixth assignment of error is that the prisoner was tried by a jury of 13 instead of a jury of 12, and that, therefore, the proceeding was illegal.   The foundation for this statement is found in the printed record of the trial, which says that after ''the prisoner was arraigned and plead not guilty, as charged in the indictment, and a panel of twenty jurors, summoned by the sheriff of this county, in accordance with the venire facias this day issued by the clerk, and from a list furnished by the court, were examined by the court, and sixteen were found free from all legal exceptions, and qualified to serve as jurors according to law, thereupon the prisoner, by his attorney, struck from the panel four of the said jurors, leaving the following twelve jurors against whom there was no objection, namely, Willie Moore, W. D. Davis, Willie Pointer, Thos. E. Lambuth, A. N. Rowe, J. W. Blake, Jas. T. Hall, Willie Pointer, Ransone White, S. B. Taylor, M. C. Richardson, C. A. Williams, and Geo. W. Deal, who were sworn,'' etc.   It will be observed that in making out this record the name of Willie Pointer is printed twice, thus making it appear that there are 13 jurors,  but the record shows that in the list of jurors furnished by the judge of the court 20 names

appear, and the name of Willie Pointer appears in that list
but once.    It also appears from the list of jurors returned  by
the sheriff that there were the same 20,  and the name of Willie
Pointer occurs but once.     There being, then, but one Willie
Pointer on the jury summoned, it is impossible that there could
have been more than one on  the list that tried  the prisoner,
and the record shows that 16 of these jurors were found free
from all exception, and qualified to certify ; and that the pris-
oner, by his attorney, struck from the panel 4, leaving, as the
record says, 12 jurors, against whom there was no objection.
It is perfectly manifest from the whole record that there were
but 12 jurors who tried the prisoner, and that the name of
Willie Pointer, one of said jurors, was inadvertently repeated
in making up the record, and therefore this assignment of error
is without merit.

The seventh assignment of error is that ''it must appear
affirmatively in the record that the prisoner was present in
court; that is, the prisoner was set to the bar of the court, etc.
On an examination of the record it nowhere appears where the
prisoner was present in court.''

. This assignment of error is not sustained by the record.
When the prisoner was arraigned and tried, the record of that
day's proceedings says:    ''This day came the commonwealth
by her attorney, as well the prisoner, with J. N. Stubbs, Esq.,
as his attorney, whereupon the prisoner, by his attorney,
moved the court to quash the venire facias.''    The trial pro-
ceeded without interruption on that day to a conviction of the
prisoner.    The court then adjourned until the next day, July
3, 1894, to consider the prisoner's motion for a new trial, and
on the day last named the record of that day's proceedings
shows the following:    ''This day came the commonwealth, by
her attorney, as well the prisoner by his attorney, for the pur-
pose of hearing the motion made on yesterday to set aside
the verdict of the jury, and grant the prisoner a new trial,
and, being fully argued, doth overrule the said motion, and

refuses to set aside the verdict, and the prisoner is remanded to jail; to which ruling of the court the prisoner, by his counsel, excepted."

These are the only days covered by the prisoner's trial. It appears affirmatively that he was in court at his trial and conviction on the first day. It also appears that he was present the next day to hear the court's decision on his motion for a new trial, because the record quoted says "the prisoner is remanded to jail," and he could not be remanded to jail without having been in court. On the subject of the necessity for the presence of the prisoner in the court, see Benton v. Com. (decided at the present term of this court) 21 S. E. 495, and the authorities there cited.

Though not assigned as error in the petition, it is argued by counsel for the prisoner in his brief that the record is defective, because it does not show that the indictment was ever found by a grand jury, by having indorsed on the indictment the words, "A true bill," signed by the foreman, which, it is insisted, is absolutely essential.

This view is not in accordance with the Virginia authorities, which hold that this indorsement on the indictment of "A true bill," signed by the foreman, is not necessary. See Cawood's Case, 2 Va. Cas. 527; Price v. Com., 21 Grat. 846; White v. Com., 29 Grat. 824.

For the foregoing reasons we are of the opinion that there is no error in the judgment of the circuit court, and the same must be affirmed.