STATE v. McBROOM.

(November 13, 1900.)

*Indictment—Endorsement by Grand Jury—"A True Bill"—Arrest of Judgment—Perjury.*

> The endorsement, "a true bill," is essential to the validity of a bill of indictment, and a bill endorsed, "this bill found," is not sufficient.

CLARK and MONTGOMERY, JJ., dissenting.

INDICTMENT against W. R. McBroom, heard by Judge *Frederick Moore* and a jury, at September Term, 1900, of PERSON Superior Court.   From a verdict of guilty and judgment thereon, the defendant appealed.

*Zeb. V. Walser,* Attorney General, and *Brown Shepherd,* for the State.

*Graham & Graham,* and *Douglass & Simms,* for the defendant.

FAIRCLOTH, C. J.   The defendant is indicted for perjury, and was convicted.   In this Court the defendant moves to arrest the judgment on the ground that the record does not show that the bill of indictment was found a "true bill" by

the grand jury.   The indorsement on the bill was in these
words:   "Those marked 'X' sworn by the undersigned fore-
man, and examined before the grand jury, and this bill
found.   Wm. F. Reade, Foreman Grand Jury."   Is the bill
sufficient in law?   We are informed by the Attorney-General
that 31 States require, by statute, that bills of indictment
shall be indorsed "A true bill," and that 14 States, including
North Carolina, have no statute upon the subject.   In these
14 States the common-law requirement still prevails.   In
*State v. Vincent,* 4 N. C., 493, TAYLOR, C. J., said:   "An
indictment is an accusation found by an inquest of twelve or
more lawful jurors upon their oaths.   The law has pre-
·scribed certain forms in which such accusations shall be
drawn, and will not allow any citizen to be punished unless
such precision is observed."   In *State v. Calhoon,* 18 N. C.,
374, this Court said:   "It seems that the signing the name of
the foreman to the indorsement of a 'true bill' on a bill of
indictment, though a salutary practice, is not essential to its
validity."   This has been many times followed, and held that
if the indictment is indorsed "A true bill," though not signed
by the foreman and presented by the jury to the Court, and it
is received as such, that is sufficient.   In *State v. Cox,* 28
N. C., 446, the Court said:   "It is settled in this State that
an indictment need not be signed by anyone.   *   *   *   It
is the action ·of the jury in publicly returning the bill into
the Court as true, and the recording, or filing, it among the
records, that make it effectual."   In *State v. Guilford,* 49
N. C., 83, PEARSON, J., explaining the distinction between
an indictment and a presentment, said:   "The manner of
presenting a bill of indictment is for the grand jury, after
having examined the witnesses on the part of the State touch-
ing the allegations set out in the indictment, to come into
open court, and return the bill indorsed 'A true bill,' which

is done by the foreman, acting for the grand jury, and the return is made in their presence;" and, if the bill is not passed, the return is, "Not a true bill." These cases agree that it is not necessary that the record should be incumbered with useless details, such as who was appointed foreman, the signature of the foreman, the signature of the State's Attorney, what witnesses were sworn and sent, and who was the Constable of the jury, etc. It is sufficient and proper that the record should only set out the fact that it was presented by the grand jury. There are numerous other cases in line with the above, as *State v. Bordeaux*, 93 N. C., 560, and *State v. Weaver*, 104 N. C., 758.

In all the cases we have examined in which such questions arose, it appears that the bill was indorsed "A true bill," and the question now before us was not under consideration. The questions were as to the signature of the foreman, the manner in which the bill was presented to the Court, and what ought to be spread upon Court record. In none was it denied that the bill must be indorsed "A true bill." In *State v. Harwood*, 60 N. C., 226, the motion in arrest was that the record failed to show the indictment was found a "true bill" by the grand jury. The opinion of two lines on that feature is not plain. It, however, refers to *State v. Guilford, supra,* as the authority, and we have already shown that upon that case the indictment should be indorsed "A true bill." We have therefore found no decision by this Court on the question now presented. The nearest approach is *State v. Collins*, 14 N. C., 117, 121. The bill was found in Jones County, and removed to Lenoir County. The transcript to Lenoir was considered defective, and a *certiorari* brought forward all that was needed, and showed that the indorsement was a "true bill," and signed by the foreman. In his opinion, HENDERSON, C. J., said: "Indeed, I have

been much at a loss to see the necessity of any indorsement. The grand jury come into court and make their return, which the court records not from that memorandum made out of court, but they pronounce, or are presumed to pronounce, it in court.    It is not the indorsement which is the record, but that which is recorded as the jurors' response.    The indorsement is a mere minute for making the record.    But I believe the law is understood to be otherwise."    Here we have a suggestion of the Chief Justice (which is the State's contention now), and we have his belief that the law in this State is otherwise.

. Turning to other authorities, we find in Archb. Cr. Pl. 64, that "A true bill," or "No true bill," must be indorsed on the indictment, as the evidence satisfies, or does not satisfy, the grand jury.    The foreman and jury carry the indictments so indorsed into court, and deliver them to the Clerk, who states to the Court the substance of each, and the indorsement upon it.    "In strict legal parlance, an indictment is not so called until it has been found 'A true bill' by the grand jury; before that it is named 'a bill' only."    1 Chit. Cr. Law, 324, says:    "The jury indorses 'A true bill,' or 'Not a true bill.'    *    *    *    This indorsement 'A true bill,' made upon the bill, becomes part of the indictment, and renders a complete accusation against the prisoner.    An indictment without such indorsement, signed by the foreman, is a nullity."    In 4 Bl. Comm., 305, it is stated:    "If they (the jury) are satisfied of the truth of the accusation, they then indorse upon it 'A true bill.'    The indictment is then said to be found, and the party stands indicted,    *    *    *    and the indictment, when so found, is publicly delivered into court."    Same in 2 Hale, P. C., 161.    This proposition is expressly held in *Nomaque v. People,* 1 Breese, 145, and in *State v. Creighton,* 1 Nott & McC., 256, and *State v .Elkins,*

Meigs, 109.   In *Webster's Case,* 5 Greenl., 432, the bill was certified in the usual form, except at the bottom of the indictment, and immediately before the signature of the foreman, the words "A true bill" were omitted.   After conviction the defendant moved in arrest of judgment on the ground that there was no legal evidence that the indictment was a true bill.   This is exactly on all-fours with the present case. Judgment was arrested.   ·

Finding, therefore, that the uniform practice in this State and the other States, in the absence of statutes, has been settled from immemorial time, we can find no reason for changing proceedings in criminal cases, which would disturb practice in particulars which have, from long usage, acquired the character of legal principles.   We can not presume that the jury intended a true bill, because it is equally as easy to presume that they intended not a true bill, in the absence of any indication either way in the indorsement.   No inference of a true bill can be drawn from the fact that the foreman returns true bills in open court, because it is also his duty to return bills found not true.   The omission may have been inadvertent.   We can not tell.   It is certain that public officers should be careful in discharging their duties, as they are paid and sworn to do.   Suppose a Register of Deeds should furnish a copy of a deed, and sign his name, even officially, without any certification.   Such a paper would not be received as evidence, even in a civil proceeding.   Code, sec. 1183, is no cure for the omission, as that applies only the informality, or refinement, "in the bill, or proceeding," even if the omission was only an informality.

Since writing the above, our attention has been called to *Frisbie v. U. S.,* 157 U. S., 160.   That case holds that the omission of the indorsement "A true bill" is not "necessarily, and under all circumstances, fatal, although it is advisable

that the indictment should be indorsed." The opinion proceeds: "It may be conceded that in the mother country, formerly, at least, such indorsement and authentication were essential." The Court then intimates that in this country the common practice is different, and concludes that "it is advisable, at least, that the indictment be indorsed according to the ancient practice, for such indorsement is a short, convenient, and certain method of informing the Court of their action." From our review, it appears that the rule varies in the courts of different States. As the rule has been settled in North Carolina ever since her existence as a State, we are not disposed to disturb it, and open the way for each grand jury to adopt its own rule of practice.

Judgment arrested.

CLARK, J. (dissenting). The record in this case states: "The defendant was indicted in the following bill of indictment." Here follows the indictment for perjury in regular form, setting forth, "The jurors on their oath present," etc. There is nothing to contradict this record. The defendant pleaded not guilty, was tried, and sentenced to 12 months on the public roads. He made no motion to quash nor in arrest of judgment below, but the appeal came up solely on an exception to refusal of a prayer to charge the jury that the false oath was in a matter not material to the issue— an exception which we have had no hesitation in overruling. In this Court there is no suggestion that the record, as above certified, is untrue, and that in fact the bill was not found; for, if this could be done here at all, it should be upon affidavit, and the case remanded to the Judge to find the fact. But the motion in arrest is made here for the first time on the ground that the bill of indictment is indorsed as follows: "Those marked 'X' sworn by the undersigned foreman and

examined before the grand jury, and this bill found. Wm. F. Reade, Foreman Grand Jury." Immediately above that is the list of witnesses, and the record shows that the same witnesses were examined before the petit jury, and upon their evidence the defendant was found guilty. Without any suggestion, upon affidavit, or otherwise, that in fact the bill was ignored by the grand jury, we are asked to say that such was their action, because the words, "and this bill found," are indorsed, instead of the words, "A true bill." The statute (St. 1811, chap. 809), which is brought forward in The Code (sec. 1183), provides that a "criminal proceeding, by warrant, indictment, information, or impeachment * * * shall not be quashed, nor the judgment thereon stayed, by reason of any informality, or refinement." In *State v. Moses,* 13 N. C., 452 (at page 464), Judge RUFFIN says of this statute: "This law was certainly designed to uphold the execution of public justice by freeing the courts from those fetters of form, technicality, and refinement, which do not concern the substance of the charge and the proof to support it. Many sages of the law had before called nice objections of this sort a disease of the law, and a reproach to the bench, and lamented that they were bound down to strict and precise precedents." In *State v. Parker,* 81 N. C., 531, ASHE, J., says: "Ever since 1811, it has been the evident tendency of our courts, as well as our law-makers, to strip criminal actions of the many refinements and useless technicalities with which they have been fettered by the common law, the adherence to which often resulted in obstruction of justice and the escape of malefactors from merited punishment." These and similar decisions—for they are all the same way—are cited with approval by the present Court in *State v. Barnes,* 122 N. C., 1035, and other cases. If an

indorsement that, upon the testimony of witnesses named and sworn, "this bill found," and the statement of the record, uncontradicted, that "defendant was indicted in the following bill," is to be set aside in this Court, because of the absence of the technical words, "A true bill," it would, in the language of Judge RUFFIN, in *State v. Moses, supra,* "be difficult to say to what unseemly nicety (as Lord Hale calls it), formality, or refinement, the act can extend."

The above is predicated upon the assumption that any indorsement by the grand jury is required. But such assumption is not correct at common law, and is directly contrary to our uniform decisions. In *State v. Guilford,* 49 N. C., 83, an indictment for murder, a motion was made in this Court in arrest of judgment, on the ground that it does not appear from the record that the bill of indictment upon which the prisoner was tried was found by a grand jury to be a "true bill." PEARSON, J., says: "It is not necessary that the record should set out the manner in which a bill of indictment was presented, or the evidence and memoranda and entries from which the record was made up. It is sufficient and most proper that the record should only set out the fact that it was presented by the grand jury." In *State v. Harwood,* 60 N. C., 226 (murder), there was another motion in arrest of judgment, "because the record does not show that the indictment was found a 'true bill' by the grand jury." MANLY, J., says: "The grounds taken in arrest of judgment are not tenable. They are settled against the prisoner by recent adjudications of this Court. *State v. Guilford,* 49 N. C., 83; *State v. Roberts,* 19 N. C., 540." In the latter case (which was also for murder), RUFFIN, C. J. (DANIEL and GASTON concurring), says, as to a motion in arrest of judgment: "The objection, if founded in fact, can not be raised in this stage of the proceedings, or rather in this form. Judg-

ment can be arrested only for matter appearing in the record, or for some matter which ought to appear, and· does not appear, in the record. If a bill of indictment be found, without evidence, or upon illegal evidence, as upon the testimony of witnesses not sworn in court, the accused is not without remedy. Upon the establishment of the fact the bill may be quashed. *State v. Cain,* 8 N. C., 352. * * * But none of these indorsements are parts of the bill, or are proper to be engrossed in making up the record of the Superior Court, which merely states that it was presented by the jurors for the State upon their oaths." In the present case the record states, "The defendant was indicted in the following bill of indictment," setting it out: "The jurors for the State on their oath present," etc. In *State v. Cox,* 28 N. C., 440, NASH, J., says (RUFFIN, C. J., and DANIEL, J., concurring) : "It is settled in this State that an indictment need not be signed by anyone. It is good without it, because it is the act of the grand jury, delivered in open court by them. In *State v. Collins,* 14 N. C., 117, the opinion is first suggested by the then Chief Justice HENDERSON,but as the point did not necessarily arise, it was not decided. But in *State v. Calhoon,* 18 N. C., 374, it was. The custom of indorsing the bill is declared to be no further material than as it identifies the instrument, expressing the decision of the jury; when made, it becomes no part of the indictment. Yel. 99. It is the action of the jury in publicly returning the bill into the Court as true, and the recording, or filing, it among the records, that make it effectual." In *State v. Mace,* 86 N. C., 668, RUFFIN, J., says the indictment "is the act of the grand jury, declared in open court, and need not be signed by anyone, and, if it be, it is mere surplusage, and does not vitiate." In *State v. Calhoon,* 18 N. C., 374 (indictment for murder), cited in the last case above as settling the law, RUFFIN, C. J.,

STATE *v.* McBROOM.

says (DANIEL and GASTON, JJ., concurring) : "It is the prac-
tice of the foreman to sign his name to the finding of the
grand jury, and it seems to be a salutary practice, as it tends
to the more complete identification of the instrument contain-
ing the accusation. We do not know in what it had its
origin, but, though useful and proper, it does not seem to be
essential, nor to have been at any time the course in England.
4 Bl. Comm., 306." In *State v. Collins,* 14 N. C., 117, HEN-
DERSON, C. J., says: "I have been much at a loss to see the
necessity of any indorsement. The grand jury come into
court, and make their return, which the Court records, not
from that memorandum made out of court, but they pro-
nounce, or are presumed to pronounce, it in court. It is not
the indorsement which is the record, but that which is re-
corded as the jurors' response. The indorsement is a mere
minute for making the record." Though he adds, "But I
believe the law is understood to be otherwise," it is clear that
this referred to an erroneous impression generally prevailing,
and not as to the law which he had just decided, and which
has been reiterated since in the long line of cases above cited.
In *Frisbie v. U. S.,* 157 U. S., 160, it is held that the omis-
sion of the indorsement "A true bill" is not "necessarily, and
under all circumstances, fatal, although it is advisable that
the instrument should be indorsed;   *   *   *   for such in-
dorsement is a short, convenient, and certain method of
informing the Court of their action." To same purport, see
*Miller v. Com. (Va.),* 21 S. E., 499, and many other cases.
The common law is thus stated in 1 Chit. Cr. Law, 322:
"If the evidence does not support the charge, the grand jury
say, *'Ignoramus,'* or now, in English, 'Not found,' and, if
they find a true bill, they say *'Billa vera,'* or in the plural,
if there is more than one bill. This shows that the response
of the jury entered by the Clerk was the record." There are

States which have changed the common law by a statute which requires the indorsement by the grand jury of the words, "A true bill," and in their courts alone are found the decisions which make the omission of those words fatal. Even there the statutory requirement has often been held merely directory. *State v. Agnew,* 52 Ark., 275; *State v. Mertens,* 14 Mo., 94; *State v. Murphy,* 47 Mo., 274. But the above numerous and uniform decisions declare that at common law and in this State, the record by the Clerk that the bill has been returned by the grand jury as found is the only record, and that it is not material that there should be any indorsement whatever, or signing by the foreman, as that is a mere memorandum, and does not come up as any part of the record. If this Court were the Legislature, it could change the law, as the Legislatures of several States have done, by making the indorsement of the foreman a record and obligatory. In *State v. Harris,* 106 N. C., 689, it is said: "To sustain obsolete technicalities in indictments will be to waste the time of the courts, needlessly increase their expense to the public, multiply trials, and, in some instances, would permit defendants to evade punishment who could not escape upon a trial on the merits. If it has not this last-mentioned result, it is no advantage to defendants to resort to technicalities, and if it has such effect the courts should repress, as they do, a reliance upon them." But to support the defendant's objection to the indorsement of the indictment in this case is not to "sustain an obsolete technicality," but to create a new technicality, whose existence has heretofore been denied by our courts.

Furthermore, the objection comes too late. *State v. Bordeaux,* 93 N. C., 560; *State v. Weaver,* 104 N. C., 758. If, in fact, the bill was not returned a "true bill" by the grand jury, that was a matter which should have been raised below

by a plea in abatement, and the fact found by the Judge. *State v. Horton,* 63 N. C., 595.

Unless the above uniform authorities are reversed, it appears to be well settled (1) that no indorsement by the grand jury is necessary, but if put there it does not vitiate the bill; (2) that to hold the indorsement, "This bill found" does not mean "A true bill,". especially when the defendant pleads to it, and raises no objection till reaching this court, is a "refinement" forbidden by the statute; (3) that, the record citing that "the defendant was indicted on the following bill," it must be taken as true. If any question is raised as to the fact (and it seems there is none), it should be raised by a plea in abatement below, upon affidavit, and not here for the first time, by a mere objection to the form of the indorsement by the grand jury.

MONTGOMERY, J., concurs in the dissenting opinion.