Gaston, Judge.
 

 — Where an indictment is so defective, that a judgment thereon, rendered against the defendant would be erroneous,
 
 the Court may quash it in the
 
 first instance, without requiring of the defendant to plead. But . . .. . __ , . . _ . this power is purely discretionary. U nless the detect be §ross and apparent, the Court, instead of dismissing the indictment in this summary way, will leave the defendant to demurrer, or motion in arrest of judgment, or writ of error, according to the regular mode of proceeding; and where the offences charged are of a heinous character, it usually refuses to quash indictments, however obvious may be their defects. So far as the decision below is to be regarded as a matter of discretion, this Court feels itself not autho-rised to revise it. It is for us to inquire whether it be erroneous in point of law, and the determination of this question must depend on the sufficiency of the indictment as it would appear if examined on demurrer, motion in arrest, or writ of error.
 

 What is the offence set forth in the indictment ? It is not that of an
 
 unlawful
 
 assembly. It indeed avers that the
 
 *197
 
 defendants, seventeen in number, did unlawfully assemble and gather together, but it states no unlawful purpose, and it sets forth no act which they assembled to commit, so as to enable the Court to judge that their design was illegal.
 
 Regina
 
 v.
 
 Gulstan et al.
 
 2 Lord Raym. 1210. Nor is it the offence of a riot or rout, for it does not charge any act of violence, or any act fitted to inspire terror; nor does it charge any attempt to commit an act of violence, which, if committed, would have made them rioters. 3 Ins. 176. 1 Haw. ch. 65, s. 4, 5 & 8. It has been insisted, however, on the part of the state, that this is a good indictment for a nuisance. To render an act indictable as a nuisance, it is necessary that it should be an offence so inconvenient and troublesome, as to annoy the whole community, and not merely particular persons. The indictment in question affirms this of the act charged, for it declares it to have been done “ to the great nuisance of the good citizens of the state.” But it is not only proper that an indictment should specify the criminal nature and degree of the offence, which are conclusions of law from the facts, but it is necessary that it should also specify the particular facts and circumstances which constitute the offence. This indictment, therefore, before it can be sustained as one for a common nuisance, ought to contain a specification of such facts and circumstances as will warrant the averment of an annoyance to the community. If the facts charged must, from their very nature, have created a nuisance to the citizens in general, the words
 
 ad commune nocumentum,
 
 though always proper and safest to be inserted, may be omitted, for they neither describe the crime, nor the facts which constitute it.
 
 Such
 
 facts necessarily show the crime. If the facts charged show an offence inconvenient and troublesome, that
 
 may
 
 have extended its annoyance to the community, or may have reached only certain individuals of that community, the averment of
 
 ad commune nocumentum,
 
 becomes indispensable. It then involves an actual inquiry as a matter of fact for the jury, into the
 
 extent
 
 of the annoyance. But an allegation in an indictment that certain facts charged were “ to the common nuisance of all the good
 
 *198
 
 citizens of the state,” will not make it a good indictment fo,r a common nuisance, unless these facts be of such a nature as
 
 may
 
 justify that conclusion as one of law as well as of fact.
 

 The act here charged is not made up of a number of acts frequently repeated, and which cannot be distinctly and specially set forth without inconvenient prolixity. It is an act single and distinct, and committed on a particular occasion. It is charged that the defendants assembled at a public place, and profanely and with a loud voice cursed, swore, and quarrelled, in the hearing of divers persons, and it is alleged, that by means thereof a certain singing school then and there kept and held was broken up and disturbed. This profane and loud cursing and quarrelling on
 
 that particular
 
 occasion, might have been an annoyance to those who heard and witnessed it; but it could not have been an annoyance to the citizens in general, unless there were some
 
 other
 
 facts in the case. If there were such other facts, then these ought to have been set forth; for an indictment must specify all the facts which constitute the offence. It is possible that a frequent and habitual repetition of acts which singly are but private annoyances may constitute a public or common nuisance. But if so, this frequent and habitual repetition should be appropriately charged. No injurious consequences of an abiding kind, and therefore affecting not simply those present at the commission of the act, but affecting the citizens successively, and as they come within the reach of these consequences, are charged, or can be presumed to have followed from the act. “ The singing school” is indeed said to have been broken up and disturbed. Of whom that school was composed does not even appear, but whether it consisted of the defendants or of others, its interruption cannot be legally pronounced an inconvenience to the whole community. The loss of instruction in the accomplishment, to those who would fain acquire it, does not very gravely influence the good order or enjoyment or convenience of the citizens in general, so as to call for redress on the complaint of the state.
 

 
 *199
 
 If we sustain this as an indictment for a common nuisance, we shall be obliged to hold, that whenever two or more persons talk loud or curse or quarrel in the presence of others, it may be charged that this was done to the common nuisance, and if so found, will warrant punishment as for a crime. This would be either to extend the doctrine of common nuisances, far beyond the limits within which they have hitherto been confined, or
 
 to
 
 allow of a vagueness and generality in criminal charges, inconsistent with that precision and certainty on the records so essential as restraints on capricious power, and so salutary as the safeguards of innocent men.
 

 Independently of the averment “ to the common nuisance,” the indictment contains no criminal charge. No conspiracy is alleged, no special intent or purpose is averred, which would impress an extraordinary character on the act done. The persons disturbed are not represented as having been engaged in the performance of any public duty — -as engaged in religious worship, attending at an election, or at a court. Upon a demurrer to the indictment, we should be unable to render a judgment for the state. It is our opinion, therefore, that there is no error in the proceedings below, and that the judgment appealed from must be affirmed.
 

 Per Curiam. Judgment affirmed.