Ruffin, Chief Justice.
 

 If the objection which was made in this case, could be taken by way of motion in arrest of judgment, the ground of it, in point of fact, is entirely removed by the statement in the record, that the witnesses, on whose evidence the bill was found, were sworn by the Court on the bill, and sent with it to the grand jury. It is entirely competent to the Court at any time during the term to alter, by inserting into, or striking from the minutes, whatever may be necessary to make the record, when made up and enrolled, speak the truth ; and this Court can look only to the record in its final completion.
 

 But, in the opinion of the Court, the objection if founded in fact, cannot be raised in this stage of the proceedings, or, rather, in this form. Judgment can be arrested only for matter appearing in the record, or for some matter which ought to appear and does not appear in the record. If a bill of indictment be found without evidence, or upon illegal evidence, as upon the testimony of witnesses not sworn in Court, the accused is not without remedy. Upon the establishment of the fact, the bill may be quashed.
 
 State
 
 v.
 
 Cain,
 
 1 Hawks, 352. Or the matter may be pleaded in abatement. But the judgment cannot be arrested; for,it is no part of the record, properly speaking, to set forth the witnesses examined before the grand jury, or the evidence given by them, more than it is to set out the same things in reference to the trial before the petit jury. A memorandum of the witnesses intended tobe used is generally made on the bill by the prosecuting officer for his own convenience, that he may know whom to call; and the clerk usually avails himself of it, and marks the names of such as are sworn, in aid of his memory, if the fact should be disputed. But none of those endorsements are parts of the bill, or are proper to be engrossed in making up the record of a Superior Court; which merely states that it was presented by the jurors for the state upon their oaths. The act of 1797, (see 1
 
 Rev. Stat.
 
 c. 35, sec. 6,) does not require any change in the form of the entry, in the case of an indictment, but
 
 *543
 
 simply prescribes that no person shall be arrested or charged but upon a bill found by the grand jury to be a true
 

 . The Court, therefore, perceives no reason why the judgment should not be carried into execution.
 

 Per Curiam. Judgment affirmed.