THE STATE OF KANSAS v. GEORGE FLACK.

1. LARCENY—*Information.* A criminal information charging the defendant with committing the offense of larceny is not insufficient because it does not give the full christian name of the alleged owner of the stolen property, but alleges that it belonged to "W. A. Tomlinson;" nor is there any variance between the proof and the allegations where the evidence on the trial shows that the first name of W. A. Tomlinson is "William."

2. JURORS—*Competency.* Where it is shown by the answers of jurors upon their *voir dire* that they belong to a society for the prevention of larceny, and to reclaim stolen property, and to bring offenders to justice, but there is nothing in the rules of the association or elsewhere that would require them to prosecute or convict an innocent person, or would authorize a conviction upon less or weaker evidence than is required in other cases, and nothing that would affect their duties as jurors, *held*, that the trial court did not err in overruling the defendant's challenges on the ground of such membership.

3. ——— *No Misconduct.* Where some of the members of the jury during their deliberations upon their verdict are taken by the bailiff, under the orders of the court, from the jury-room to the water-closet and returned, and nothing of a prejudicial character occurs during such separation, *held*, that the trial court did not err in refusing to set aside the verdict and to grant a new trial because of such separation.

*Appeal from Miami District Court.*

PROSECUTION for grand larceny. From a conviction at the October term, 1891, the defendant, *Flack,* appeals. The opinion states the facts.

*Carroll & Sheldon & Sheldon,* for appellant.

*W. H. Browne,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution, upon an information filed in the district court of Miami county, on July 28, 1891, charging the defendant, George Flack, with the larceny of an iron-gray gelding, and a saddle and bridle, the property of W. A. Tomlinson. A trial was had before the court and a jury, and the defendant was found guilty, and sentenced to imprisonment in the penitentiary for the term of four years; and from this sentence he now appeals to this court.

The first objection urged against the proceedings in the court below is, that the information upon which the defendant was tried is insufficient, for the reason that it does not give the full christian name of the alleged owner of the stolen property; and it is also claimed that, upon the trial, there was a variance between the allegations and the proof, in this, that the information alleged that the stolen property belonged to W. A. Tomlinson, while in fact and according to the evidence introduced on the trial it belonged to William A. Tomlinson. W. A. Tomlinson and William A. Tomlinson, however, was one and the same person, and there was no other W. A. Tomlinson in that county, so far as is shown. These objections are untenable. (*Ferguson v. Smith,* 10 Kas. 396, 401, 402; *The State v. Rook,* 42 id. 419.) It is seldom at the present time that the full christian name of any man is used. The information in this case was signed and filed by " W. H. Browne," county attorney. It was verified by him in the same manner. It was sworn to before "A. P. Williams," clerk of the district

court, and the defendant's transcript brought to this court is certified to by "A. P. Williams," clerk of the district court; and there is nothing in the record to show what the full christian name of either the county attorney or the clerk of the district court is.  Besides, the sheriff who had the defendant in charge was "R. E. Matthews;" and the defendant's counsel were Mr. "Carroll," "W. H. Sheldon," and "E. J. Sheldon;" and nine of the jurors that tried the case were "A. J. Ticknor, J. D. Lindsay, N. B. Strainer, J. L. Moore, J. W. Whitaker, W. A. Wilgus, B. F. Cook, J. G. W. Yeater, and W. H. Underhill," and there is nothing in the record to indicate what the full christian names of any of these persons were.

The defendant claims that the court below erred in overruling his challenges to certain jurors for cause.  A. J. Ticknor belonged to a society which he says is called " The Osage Township Anti-thief Society," and J. L. Moore belonged to a society which he says is called "The Anti-thief Horse Association."  Neither of them had ever taken any oath in connection with such association.  This association seems to be a matter of local concern.  These two jurors seem to have been competent in every respect, except that they belonged to this association.  It does not appear that they could not try the case impartially.  On the contrary, it would seem from their answers to questions upon their *voir dire* that they could try the defendant or any person charged with larceny as impartially as though he were charged with any other offense. There were still others who had been summoned as jurors, and who were first challenged for cause by the defendant, and then peremptorily, and who did not serve as jurors, who belonged to an association called "The Protective Association." This association seems to be a more general organization, and it would seem that the duties of its members are to protect property from larceny, and to reclaim it if stolen, and to bring the offenders to justice; but there is nothing in the rules of the association or elsewhere, so far as is shown, that requires any member to prosecute an innocent man, or, if such member

were a juror, to convict anyone unless he were shown to be guilty by as full, complete and convincing evidence as is required by law in any other case. It would seem that their duties as jurors are not affected by their membership in this association. They would not convict any person upon any less evidence or any weaker evidence than they would if they were not members of such organization. We cannot say that the court below erred in overruling the defendant's challenges.

It is next claimed that error was committed and prejudice intervened because of the separations at different times of some of the jurors during their deliberations. It was about 18 hours after the jury retired for deliberation before they finally agreed upon a verdict, and during this time jurors were occasionally taken to the water-closet and returned; and these are the separations of which the defendant complains. The affidavit of the bailiff concerning this matter, omitting title, is as follows:

"Wm. Whitehead, of lawful age, being first duly sworn, on oath says, that he was the bailiff of the jury in the above case, and had charge of said jury while deliberating upon their verdict; that said jury were kept together all the time during their deliberations, and the instances mentioned in the affidavit of defendant's attorney, of jurors being allowed to separate, were each and all instances and occasions when jurymen were compelled to go to the water-closet, and the said bailiff took them to the water-closet under the orders and instructions of the court, and that said jurors were not absent from the jury-room longer than was absolutely necessary to attend to the wants of nature in each case, and their absence could not have exceeded five minutes at any time.

WM. WHITEHEAD.

"Subscribed and sworn to before me, this 9th day of October, 1891.          A. P. WILLIAMS, *Clerk.*"

It does not appear that anything of a prejudicial character occurred during any of the separations of the jurors, and we would think that nothing of such a character did occur, and in our opinion the court below did not err in refusing to set aside the verdict and to grant a new trial because of such separations. When the jury finally agreed upon their verdict

they were polled, and each member answered for himself that the verdict of the jury was his verdict.

It is also claimed that the court below erred in refusing to sustain the motion of the defendant to require the stenographer of the court to furnish a transcript of the evidence to him for use on his appeal to the supreme court, and this for the reason that he was unable financially to pay for a transcript. We think the decision of the court below in this respect was correct.

The judgment of the court below will be affirmed.

All the Justices concurring.