### STATE v. SULTAN.

(Filed September 18, 1906).

*Trial at First Term—Continuance—Abuse of Discretion— Indictments—Motion to Quash—Witnesses not Sworn Before Grand Jury—Endorsements on Bill—Challenges— Anti-Saloon League—Qualification of Jurors—Excessive Punishment.*

1. There is no rule of law or practice that where a bill of indictment is found, at one term the trial cannot be had till the next. Whether the case should be tried at that term or go over to the next term is a matter necessarily in the discretion of the trial Judge and not reviewable, certainly in the absence of gross abuse.

2. There was no abuse of discretion in refusing a continuance because the defendant was put on trial in four hours after an indictment for illegal sale of liquor was returned, where the defendant had been arrested six months before on the same charge and had paid the prosecuting witness to leave the State, and the offense was committed in the town in which the Court was held and it does not appear that any material witness was absent nor that the defendant was prejudiced, and the trial closed two days after the bill was found, and he was represented by the same counsel who represented him before the magistrate, and three other counsel.

3. A motion to quash an indictment, on the ground that it did not appear that any of the witnesses before the grand jury were sworn, was properly refused, where there was no evidence that the witnesses were not sworn, and the only defect alleged was that the blank space after "thus" in the certificate, "witnesses whose names are marked thus .... were sworn and examined," was not filled in with a cross-mark or check.

4. No endorsement on a bill of indictment by the grand jury is necessary. The record that it was presented by the grand jury is sufficient in the absence of evidence to impeach it. *State v. McBroom,* 127 N. C., 528, overruled.

5. A defendant's exception for a refusal of his challenges for cause to four jurors, when he relieved himself of them by the use of his peremptory challenges, is not open to review where he, after exhausting his peremptory challenges, did not challenge any other juror.

6. In an indictment for illegal sale of liquor, challenges for cause, in that the jurors belonged to the Anti-Saloon League, were properly disallowed, where the jurors had taken no part in prosecuting or aiding in the prosecution of the defendant.

7. An exception that the punishment is in excess of that allowable upon conviction on the first count need not be considered, where the charge makes it clear that the case was submitted to the jury upon only the last count, the others having been *nol. prossed.*

INDICTMENT for illegal sale of spirituous liquors, against William Sultan, heard by *Judge B. F. Long* and a jury, at the April Term, 1906, of the Superior Court of CRAVEN. From a verdict of guilty and judgment thereon, the defendant appealed.

*W. D. McIver, W. W. Clark* and *M. deW. Stevenson* for the defendant.
*A. D. Ward* and *D. L. Ward,* with *Attorney-General,* for the State.

CLARK, C. J. The defendant had been arrested in October, 1905, under a justice's warrant for the same illegal act herein charged, but procuring a continuance, gave the prosecuting witness $135 to depart the State, in consequence whereof the proceeding before the justice was dismissed. On 12 April, 1906, the witness having returned, the grand jury found a true bill. The defendant had just been tried that day upon another charge of like nature—the illegal sale of intoxicating liquor—and was in court awaiting the verdict therein, when the bill in this case was returned. The defendant had been represented by counsel when before the justice of the peace on this charge, and when this bill was returned counsel appeared for him and asked for a continuance. The Court told the defendant and his counsel that the case would be called for trial later during the day, and gave him time to arrange for counsel and for his defense. He was represented by his original counsel and three others. Affidavits for and

against the continuance were filed, and "after a review of all the affidavits the Court denied the motion to continue, and permitted the defendant, after bill found, to have opportunity to prepare his defense for about four hours before the selection of the jury was begun." The case on appeal further states: "The case was called for trial in the forenoon of one day and terminated at a night session on the day following. The Court gave the defendant every opportunity in its power to get his witnesses and to have counsel, in order to insure a trial at this term."

The defendant's claim, that he was entitled, as a matter of right, to a continuance, is without foundation. There is no rule of law or practice that when a bill of indictment is found at one term the trial cannot be had till the next. Whether the case should be tried at that term, which is often done, and, in many cases, is required in the public interest and the orderly and economical administration of justice, or whether the case shall go over to the next term depends upon the nature of each case, of the charge and the evidence, the facility of procuring witnesses and the legal preparation necessary. In short, "the granting or refusal of a continuance is a matter necessarily in the discretion of the trial Judge and not reviewable, certainly in the absence of gross abuse of such discretion." *State v. Dewey,* 139 N. C., 560, and many cases there cited. Abuse of discretion is more apt to be shown in granting continuances and in the dilatory administration of justice. His Honor thought this case was one in which there should be a speedy trial. He knew all the attendant circumstances, and what was required by the public interest, more fully than this Court can know them. There is nothing to indicate that the defendant was prejudiced. He knew this charge. He had been arrested on it six months before, and had paid the witness to leave. The offense was committed in the very town in which the Court was held. It does not appear that any material witness was absent.

From the nature of the charge and of the defense, it is not likely that any other witness could have materially added to the testimony of the many witnesses he produced. The trial closed two court days after the bill was found, and any other witness could have been obtained within that time, if needed. The charge was simple and required little preparation on the law and the defendant was represented by four able counsel. We cannot see that the discretion vested in the trial Court as to continuances was abused by the learned and just Judge.

The defendant moved to quash the indictment on the ground that it did not appear that any of the witnesses before the grand jury were sworn. The bill was typewritten on one sheet, with no writing on the reverse. A second sheet was attached by paper-fasteners, and on that the usual endorsements were written. The Judge found as a fact "the two sheets constituted one paper, and that they were fastened together before being sent to the grand jury and treated as one sheet." The endorsements on that sheet set out the names of witnesses, the names of two of whom have a cross-mark opposite them, and below is the usual certificate that "Witnesses whose names are marked thus . .... were sworn and examined," signed by the foreman, and the return, "A true bill," also signed by him. The only defect alleged is that the blank space after "thus" is not filled in with a cross-mark or check. There is no evidence that witnesses were not sworn. This informality is cured by Revisal, sec. 3254. Besides, as *Ashe, J.,* said in *State v. Hines,* 84 N. C., 811: "The omission to designate the witnesses, who may have been sworn, with a mark, was not sufficient to quash the bill. The fact that they were not sworn must have been established by proof offered by the defendant—which was not done in this case."

In *State v. Hollingsworth,* 100 N. C., 537, it is said that "the endorsements on the bill form no part of the indictment, and it has been held that the Act of 1879, Code, sec. 1742,

requiring the foreman of the grand jury, when the oath is administered by him, to mark on the bill the names of the witnesses sworn and examined before the jury, is merely directory, and a non-compliance therewith is no ground for quashing the indictment." *State v. Hines,* 84 N. C., 810. It constitutes neither ground for a motion to quash nor in arrest of judgment. *State v. Sheppard,* 97 N. C., 401; *State v. Baldwin,* 18 N. C., 195; *State v. Roberts,* 19 N. C., 540; Code, sec. 1183. In fact, no endorsement by the grand jury is necessary. The record that it was presented by the grand jury is sufficient in the absence of evidence to impeach it. *Pearson, J.,* in *State v. Guilford,* 49 N. C., 83; *Manly, J.,* in *State v. Harwood,* 60 N. C., 226; *Ruffin, C. J.,* in *State v. Roberts,* 19 N. C., 540; *Ruffin, C. J.,* in *State v. Calhoon,* 18 N. C., 374. All four of these cases were indictments for murder. To same effect, *State v. Cain,* 8 N. C., 352; *State v. Cox,* 28 N. C., 440; *State·v. Mace,* 86 N. C., 668, and many others. The English practice did not require the foreman to sign his name or make any endorsement, 4 Blk. Com., 306 (cited by *Ruffin, C. J.,* in *State v. Calhoon, supra*), and the same is held as to the United States Courts in *Frisbie v. United States,* 157 U. S., 160, quoted in 127 N. C., at p. 537. This uniform current of the decisions in this and other courts is controverted only by *State v. McBroom,* 127 N. C., 528, which held (by a divided Court) that the endorsement, "A true bill," was essential, and which in the face of the precedents cannot be deemed authority, and is overruled. The motion to quash was properly refused.

The defendant challenged four jurors for cause, in that they belonged or had belonged to the Anti-Saloon League. They testified that they had not contributed to the prosecution in this case nor taken any part in it. The challenges for cause being disallowed, they were each peremptorily challenged. The defendant, after exhausting his peremptory challenges, did not challenge any other juror. No juror sat

on the trial to whom he offered any objection. As he has a right to reject, not a right to select, his exception for a refusal of his challenges for cause to jurors, when he relieved himself of them by the use of his peremptory challenges, is not open to review. Having been tried by twelve jurors who were unobjectionable to him, he has no ground to urge that he has been prejudiced by the composition of the jury. *State v. Brady,* 107 N. C., 827.

But as the point has been earnestly argued, it may not be amiss to say that the authorities upon it are quite clear that the challenges for cause were properly disallowed, the jurors having taken no part in prosecuting or aiding in the prosecution of the defendant. In *Music v. People,* 40 Ill., 268, it is said: "But does the fact that persons belong to an association whose object is to detect crime, raise a presumption that they are prejudiced against a person charged with a criminal offense, or that they would not be able to give him a fair and impartial trial? We think that it raises no such presumption." In *State v. Wilson,* 8 Iowa, 407, the rule is laid down that "the fact that a person called as a petit juror on the trial of an indictment, in which the defendant is charged with stealing a horse, was a member of an association or organized company for the prosecution of persons generally, arrested for horse-stealing, will not disqualify the juror." *State v. Flack,* 48 Kan., 146; *Scott v. Chope,* 33 Neb., 41, 82, 94. In *Koch v. State,* 32 Ohio St., 353, which was an indictment for selling intoxicating liquor in violation of law, the Court held "that a person has subscribed funds for legitimately suppressing crime, does not disqualify him from sitting on the grand jury, nor is it ground of disqualification that he has evinced a desire or purpose to enforce the laws." See, also, *Heacock v. State,* 13 Texas App., 97.

The charge makes it clear that the case was submitted to the jury upon only the last count, the others having been *nol. prossed,* and the exception that the punishment is in excess of

that allowable upon conviction on the first count, need not be considered; and besides, in no aspect could be sustained. *State v. Toole,* 106 N. C., 736. There was evidence of long continued and habitual violation of the statute by the defendant, which his Honor properly took into consideration in fixing the sentence.

No Error.