## STARKE v. STATE.

CRIMINAL LAW—JURY—COMPETENCY OF JUROR—AS AFFECTED BY
MEMBERSHIP IN ASSOCIATION FOR DETECTION AND PROSECUTION OF
SIMILAR CRIME—LARCENY OF LIVE STOCK—INSTRUCTIONS—APPEAL
AND ERROR—CONFLICTING EVIDENCE.

1. The fact that one called as a juror on the trial of a defend-
   ant charged with stealing sheep is a contributing member
   of an association of wool growers or stock growers, which'
   has for one of its objects the detection and prosecution of
   parties for the larceny of sheep or live stock, does not
   necessarily disqualify him as a juror, in the absence of a
   showing that the association is in some manner connected
   with or interested in the prosecution of the case on trial.
2. Where, in a prosecution for larceny, the court instructed
   the jury that it was incumbent upon the prosecution to
   establish beyond a reasonable doubt the material allega-
   tions of the information, and the material allegations were
   stated without omitting any essential element of the crime,
   whereby the jury was as fully advised as to the facts
   necessary to be established as if the crime had been spe-
   cifically defined, the failure of the court to define the
   crime of larceny was not prejudicial error.
3. The evidence being conflicting, the credibility of the wit-
   nesses and the weight to be given to their testimony are
   questions for the jury.
4. Where, in a criminal case, there is a substantial conflict in
   the evidence, but there is evidence upon which the ver-
   dict of guilty, not appearing to be the result of passion
   or prejudice, may be fairly based, the verdict and judg-
   ment will not be reversed on the ground of the insuf-
   ficiency of evidence.

[Decided June 23, 1908.]                    (96 Pac. 148.)

ERROR to the District Court, Converse County; HON.
RODERICK N. MATSON, Judge.

J. A. Starke was prosecuted for grand larceny upon an
information charging the stealing of 400 sheep, the property
of the Mountain Home Company, a corporation. He was
convicted and thereupon prosecuted error. The material
facts are stated in the opinion.

*Fred D. Hammond* and *Claude S. Wilson,* for plaintiff in
error.

The three jurors who were members of an association or associations of stock or wool growers were incompetent and the defendant's challenge of such jurors for cause should have been sustained, since it appeared that one purpose of each of such associations was the detection and prosecution of parties for stealing live stock. (Fleming v. State, 11 Ind. 234; Pierson v. State, id. 341; State v. Moore, 48 La. An. 380; Com. v. Eagan, 70 Mass. 18; Com. v. Moore, 143 Mass. 136; Jackson v. Sandman, 64 Hun, 634; State v. Fullerton, 90 Mo. App. 411; Martin v. Ins. Co., (Mich.) 102 N. W. 656; McLaughlin v. Light Co., 100 Ky. 173.) Where defendant's challenge of a juror for cause is erroneously overruled, the error is not cured by the fact that such juror was afterwards challenged peremptorily by the defendant, although the jury was impaneled without exhausting the peremptory challenges allowed to the defendant by law. (Baxter v. People, 8 Ind. 368; Meaux v. Town, 8 Ill. App. 173; Fletcher v. Crist, 139 Ind. 121; People v. McGonegal, 136 N. Y. 621; Dowdy v. Com., 9 Grat. 727; People v. Weil, 40 Cal. 268; Hubbard v. Rutledge, 58 Miss. 7; People v. Casey, 96 N. Y. 115; Brown v. State, 70 Ind. 576; State v. McCoy, 109 La. 682; State v. Stentz, 30 Wash. 134; Birdsong v. State, 47 Ala. 68; Iverson v. State, 52 Ala. 170; Lithgow v. Com., 2 Va. Cas. 297; Republican v. Richards, 1 Yeates, 480; People v. Bodine, 1 Den. 281; Boyle v. People, 4 Colo. 176.) The decisions have so far respected the principle that a party interested in any way in the litigation should not sit as a juror, that a taxpayer has been held incompetent as a juror in an action against a city for damages. (Goshen v. England, 119 Ind. 368; Wood v. Stoddard, 2 Johns. 194; State v. Williams, 30 Me. 484; Gibson v. Wyandott, 20 Kan. 156; Columbus v. Goetchins, 7 Ga. 139; Bailey v. Trumbull, 31 Conn. 581; Cramer v. Burlington, 42 Ia. 315; Diveny v. Elmira, 51 N. Y. 506; Hearn v. Greenburgh, 51 Ind. 119; Garrison v. Portland, 2 Ore. 123; Watson v. Tripp, 11 R. I. 198; Fullweiller v. St. Louis, 61 Mo. 479;

Fine v. Pub. Sch., 30 Mo. 166; Kendall v. Albia, 73 Ia. 243.)

It is the duty of the court in felony cases, whether requested to do so or not, to fully instruct on all the law of the case. (State v. Bransetter, 65 Mo. 149; State v. Banks, 73 Mo. 592; Cole v. State, 40 Tex. 147; Sanders v. State, 41 Tex. 306; Miers v. State, (Tex.) 29 S. W. 1074; Charlton v. Sate, 43 Neb. 373; Pjarou v. S'ate, 47 Neb. 294; Fulcher v. State, 41 Tex. 233.) The failure of the court to define the crime of larceny with which the defendant was charged was error. (Sledge v. State, 99 Ga. 648; Railroad v. Harris, 76 Ga. 510; State v. Heinze, 66 Mo. App. 135; State v. Kolb, 48 id. 269; Hardy v. State, 7 Mo. 607; Shaw v. State, 40 Tex. 60; Sims v. State, 9 Tex. App. 586; Benendes v. State, 14 id. 478; Jackson v. State, 15 id. 84; State v. Taylor, 118 Mo. 153; Hix v. People, 157 Ill. 382; State v. McCaskey, 104 Mo. 644; Cady v. State, 4 Tex. App. 238; Lindley v. State, 8 id. 445; Parker v. State, 136 Ind. 284; State v. Bardetta, 73 Ind. 185; Whately v. State, (Ala.) 39 So. 1014; State v. Desmond, (Ia.) 80 N. W. 214; State v. Fulford, 32 S. E. 377.) It is not necessary to copy the statute where the charge embodies all the elements of the crime. (Adkins v. State, 56 S. W. 63.) The court not only failed to define larceny but gave an instruction which stated a portion only of the elements of the crime.

It was the duty of the prosecution to prove affirmatively the absence of consent on the part of the owner of the stolen property to the taking, and where one person is the owner and another has the control and management of the property, the want of the consent of each must be proved. (Williamson v. State, 13 Tex. App. 514; Boling v. State, id. 338; Schultz v. State, 7 id. 363.) Property is taken with the consent of the owner so that there is no larceny, where one employed by cattle owners to catch thieves, with their consent and authority "operates with suspected thieves" in planning, and in taking the cattle for the purpose of having them arrested for stealing them. (State v. Hull,

(Ore.) 54 Pac. 159; Love v. People, 160 Ill. 508; Connor v. People, 18 Colo. 73.)

While appellate courts will hesitate before disturbing a verdict, yet where it is perfectly evident that to sustain the ends of justice it should be reversed, a reversal is not precluded. (State v. Newton, (Wash.) 81 Pac. 1002.) A verdict is contrary to law when the evidence, if true, will not justify a verdict as a matter of law. (Richardson v. Van Vorhis, 3 N. Y. Supp. 599.) A verdict in disobedience of instructions is a verdict against law. (Emerson v. Santa Clara County, 40 Cal. 543; Declez v. Save, 71 Cal. 552; Bunten v. Ins. Co., 4 Bosw. 254; Valerious v. Richard, 57 Minn. 443.) On motion for new trial it is the duty of the trial court to weigh the evidence, although conflicting, and to set the verdict aside if manifestly against the weight of the evidence. (People v. Knutte, 111 Cal. 453; People v. Baker, 39 Cal. 686; 105 Cal. 409; 20 Ill. 93; 5 Mass. 353; 8 Nev. 61; 11 N. Y. Supp. 452; 40 W. Va. 484, 593; 14 Ency. Pl. & Pr. 781.) If the sheep alleged to have been stolen were taken with the knowledge and consent of Hartman, who had charge of them and in whose possession they were, as alleged by the defendant, then there was no larceny. (Hall v. Com., 78 Va. 678; Johnson v. State, 39 Tex. 393; Bailey v. State, 18 Tex. App. 426; Powell v. State, 11 id. 401; Morrison v. State, 17 id. 434; Frazier v. State, 18 id. 434; 12 Ency. L., 1st Ed., 16.) Whether Hartman consented to the taking as claimed by the defendant under an agreement between them, or was laying a trap in which to catch defendant, there would be in either case want of consent, and the prosecution must fail. (Allen v. State, 40 Ala. 334; Com. v. People, 18 Colo. 373; People v. McCord, 76 Mich. 200; Saunders v. People, 38 Mich. 218; Spieden v. State, 3 Tex. App. 163.) It seems to be clear upon the evidence that the property alleged to have been stolen was taken with the knowledge and consent of Hartman, and it matters not what his motive was. It is sufficient to cause a reversal that Hart-

man knew the property was to be taken, and that it was taken with his consent.

W. E. Mullen, Attorney General, for the State.

The cases cited by counsel for plaintiff in error do not sustain the contention that the taking in this case was in law by consent of the owner. If the criminal design originates with the accused, and the intended victim does not actually urge him on to the commission of the crime, the mere fact that he facilitates the execution of the scheme and that his agents co-operate in its execution will be no defense for the accused. The evidence in this case clearly brings it within this rule. (People v. Henselman, 76 Cal. 460; 1 Bish. Cr. L. 262; Com. v. Nott, 135 Mass. 269; State v. Jensen, 22 Kan. 498; Pigg. v. State, 43 Tex. 108; Varner v. State, 72 Ga. 745.) Where the goods are in the mere custody of a servant or other person, his consent to a taking will not prevent it from being larceny. (25 Cyc. 38-44.) The fact that the owner consents to and does not prevent the taking is no defense, nor that the owner so places his property or takes such other steps as to facilitate the taking. (18 Ency. L. 471-472.) There is some conflict in the evidence, but the jury having passed upon it the verdict will not be disturbed, since there is evidence tending to support it. (Phillips v. Ter., 1 Wyo. 82; O'Brien v. Foglesong, 3 Wyo. 57; Cornish v. Ter., 3 Wyo. 95; Rainsford v. Massengale, 5 Wyo. 1; Jackson v. Mull, 6 Wyo. 55.)

A juror is not incompetent on the ground of pecuniary interest because he may have contributed to the fund for the prosecution of that class of offenses or for the prosecution of a particular offense. (24 Cyc. 270.) Membership in an organization, the object of which is to prosecute criminals and persons charged with a particular kind of crime, but which is under no legal obligation to do so, does not, as a matter of law, necessarily disqualify. (Abbott's Cr. Tr. Br., 238 and cases cited.) There is a clear line of distinction between cases where the juror, as an officer or member

of such an association, has taken an active part in the prosecution of the particular case on trial, or who, by reason of his connection with an organization for the suppression of a particular class of offenses, shows a personal bias or feeling, and that other class of cases where a juror is merely a contributing member of the organization, but has taken no active part in the prosecution of the case on trial, or similar cases, either as an officer of such organization or as a private individual. (Guy v. State, 96 Mo. 692; Musick v. People, 40 Ill. 268; Boyle v. People, 4 Colo. 176; Com. v. O'Neil, 6 Gray, 346; State v. Wilson, 8 Ia. 410; U. S. v. Noelke, 1 Fed. 426; U. S. v. Barger, 7 Fed. 193; Koch v. State, 32 O. St. 356; Com. v. Burroughs, 145 Mass. 242; State v. Flick, 48 Kan. 146; Heacock v. State, 13 Tex. App. 129; State v. Hoxsie, 15 R. I. 1.)

The decided weight of authority supports the rule that a failure to instruct the jury in whole or in part is not error in the absence of a request in the first instance, or a request for more specific instructions in case of a partial non-direction. (11 Ency. Pl. & Pr. 230, 231; Abbott's Cr. Tr. Br., 612; 12 Cyc. 666-667; Hodge v. State, 85 Ind. 561; Burgett v. Burgett, 43 Ind. 78; Rollins v. State, 62 Ind. 46; Bissot v. State, 53 Ind. 408; Fisher v. State, 77 Ind. 42; Adams v. State, 65 Ind. 565; Powers v. State, 87 Ind. 144; 2 Thompson on Tr., Secs. 2340, 2341.) Our statute does not specifically direct the court in criminal cases to instruct whether instructions are requested or not, but it is the uniform custom of the courts to instruct in a general way in all criminal cases. In this case the court pointed out in its instructions the material allegations of the information which were necessary to be proved beyond a reasonable doubt. Where the instructions taken together explain the issues so that the jury may decide questions of fact, it is sufficient. (Wallace v. Skinner, 15 Wyo. 233.) If the defendant desired an instruction more specifically defining the offense he should have requested it, and failing to have done so he cannot now complain. (Brantley v.

State, 9 Wyo. 102; Bunce v. McMahon, 6 Wyo. 24; Hay
v. Peterson, 6 Wyo. 419.)

BEARD, JUSTICE.

The plaintiff in error was tried in the district court of
Converse County upon an information containing two counts,
the first count charging grand larceny, and the second
count charging the receiving of stolen property, knowing
the same to have been stolen. He was convicted on the
first count of the information and sentenced to imprisonment
in the penitentiary, and he brings error.

The grounds upon which he relies for a reversal of the
judgment, as stated in the brief of his counsel, are:

1. "Error on the part of the trial judge in overruling
challenges for cause to certain jurors."

2. "Failure of the court to properly instruct on the crime
of larceny and receiving stolen property and the essential
elements thereof."

3. "Insufficient evidence on behalf of the state."

The property alleged to have been stolen was four hun-
dred head of sheep. Three of the veniremen called and ex-
amined as to their qualifications to serve as jurors in the
case were challenged by the plaintiff in error for cause on
the ground that they were each members of certain as-
sociations, one of the purposes of which associations was
the detection and prosecution of parties for the larceny
of live stock; and it is claimed that for that reason they
were not impartial and were disqualified to act as jurors in
the case. Upon being examined as to their qualifications,
one of them (Mr. Shaw) stated that he was a member and
director of the Converse County Cattle Growers' Associa-
tion; that the association employed stock detectives to look
after horses and cattle, but not sheep; that the detectives
were paid out of the general dues as long as they were
sufficient; that he did not belong to the sheep growers' as-
sociation. Another of the jurors (Mr. Jenne) stated that
he was a member of the Wyoming Wool Growers' Associa-
tion; that he did not know whether or not the association

expended money for the collection of evidence, or the employment of detectives or attorneys for the purpose of convicting persons charged with the larceny of sheep or other live stock; that he paid dues to the association, and had some time before paid two assessments, but did not know for what purpose the money was used. The other juror (Mr. Williams) stated that he was a member of the Wyoming Stock Growers' Association, the Eastern Wyoming Wool Growers' Association, and the Wyoming Wool Growers' Association. He was then asked and answered as follows: Q. "Do those associations or bodies, as one of the matters for the protection of the sheep growers of Wyoming expend money for the collection of evidence, employment of detectives or attorneys for the purpose of convicting persons charged with the larceny of sheep or other live stock?" A. "I presume they do, yes." Q. "That is one of the purposes of their organization in a way, for the protection of live stock interests is to punish crime in connection with the live stock business?" A. "I think so." He also stated that he paid dues to, and was in good standing in those associations. It is not claimed that these jurors were otherwise disqualified. The mere fact that they were members of such associations, paid dues thereto and were liable to assessments by the associations did not necessarily disqualify them as jurors, in the absence of a showing that the association to which they belonged was in some manner connected with or interested in the prosecution of this case. (Abbotts Trial Brief (Crim. Causes) 238; Guy v. State, 96 Md. 692; Musick v. People, 40 Ill. 268; State v. Flack, 48 Kan. 146; Boyle et al. v. People, 4 Colo. 176.)

The cases cited by counsel for plaintiff in error are not applicable to the facts as disclosed by the record in this case. We will notice a few of them. In Commonwealth v. Moore, 143 Mass., 136, the juror was a member of the Law and Order League which had employed the complainant and another, who were witnesses on the trial, to induce the defendant and others to sell liquor, for the purpose of prosecuting them for a violation of the law. In State v. Moore,

48 La. Ann., 380, the juror stated that he had contributed money for the prosecution of the whiskey cases, including that of the defendant. And in State v. Fullerton, 90 Mo. App., 411, the association to which the juror belonged had employed the witnesses to go from St. Louis to Princeton and make the purchase of the liquor charged in the information. In each of those cases the association of which the juror was a member, or the individual juror, was directly interested in the prosecution of the particular case. In the case before us neither of the persons challenged served upon the jury, but by whom they were excused does not appear in the record. Counsel for plaintiff in error state in their brief—and we have no doubt truly—that they were compelled to exercise peremptory challenges as to these jurors; but however that may be, there is no just cause for complaint as the jurors were not shown to be disqualified.

It is next contended that the court erred in failing to properly instruct the jury, in that it failed to define the crime of larceny. The court did not quote the statute or otherwise define the word "larceny"; but in the second instruction told the jury, in substance, that it was incumbent upon the prosecution to establish to their minds beyond a reasonable doubt, the material allegations of the information and that such material allegations were, 1, that the property alleged to have been stolen by the defendant was the property of the Mountain Home Company, a corporation, as charged in the information, and that the property was of some value; 2, that the property was taken by the defendant, or that the defendant had a criminal agency in the taking, with the intention of depriving the Mountain Home Company of the same, and of appropriating the same to his own use, and without the consent of the owner; 3, that it was so taken in the County of Converse and State of Wyoming, and, 4, that it was so taken at some time previous to the filing of the information. By the twelfth and thirteenth instructions the jury was fully informed as to what would constitute consent by the owner to the taking of the sheep by the defendant. Counsel have not pointed out wherein

any essential element necessary to constitute the crime of larceny is omitted from these instructions, and we discover none. By the instructions as given, the jury was as fully advised as to what facts it was necessary for the prosecution to establish in order to convict the defendant, as it would have been had the court specifically defined the crime of larceny.

The remaining question, and the one most earnestly urged by counsel, is, whether there is sufficient evidence to sustain the verdict and judgment. It is argued on the part of plaintiff in error that the case is what is known as an entrapment case, and that the weight of the evidence shows that the sheep were taken with the consent of the owner. This seems to have been the main contention in the case, and its determination depended largely upon the testimony of Hartman, the range foreman of the Mountain Home Company, and the defendant Starke. There is a direct conflict in their testimony and each of them is more or less corroborated by the other evidence. The credibility of the witnesses and the weight to be given to the testimony were questions for the jury; and it is not claimed that the jury was not fully and fairly instructed as to what would constitute consent by the owner to the taking of the sheep, and that the defendant could not be rightfully convicted unless the jury found from the evidence that the taking was without the consent of the owner. The jury evidently believed Hartman and disbelieved the defendant, and there is nothing in the record to indicate that the verdict was the result of passion or prejudice. The question was mainly one of veracity between the witnesses, the determination of which was the peculiar province of the jury, and its determination is more likely to be right in that respect than our judgment can be from reading the evidence in the record. The trial judge who saw the witnesses and heard the testimony had also passed his judgment upon the sufficiency of the evidence in overruling the motion for a new trial. Under the well settled rule that where there is a substantial conflict in the evidence and where there is evidence in the record

upon which the verdict may be fairly based, as in this case, this court will not reverse the judgment on the ground of the insufficiency of evidence. We find no prejudicial error in the record, and the judgment of the district court will be affirmed.                                    *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.